The declaration of the plaintiff that the defendant would give him a lease of the property for twenty-one years, at a rent of eight per cent upon the purchase money, besides taxes, was improperly received in evidence upon the trial. It was made to Fox, the president of the Gas Company, in one of the interviews in which the plaintiff was endeavoring to effect a sale by the company to the defendant. The declaration *Page 301 
had no connection with the sale. It was not explanatory of anything said or done in regard to it. It was not, therefore, admissible as forming a part of the res gestæ. (1 Greenl.Ev., § 108.) The only ground upon which the interview was at all admissible was to show that the plaintiff had rendered services in negotiating a sale of the property to the defendant. But there was a further issue between the parties, as to the character of the services; whether they were voluntary on the part of the plaintiff, or performed at the request of the defendant under circumstances entitling the plaintiff to compensation. It was upon this latter issue that the evidence was received. Upon that issue, the evidence tended to show that the services were performed under an agreement by the defendant to compensate the plaintiff therefor by giving him a lease upon the terms stated. In this view, the declaration amounts to a simple statement of the plaintiff, while rendering the services, of the compensation he was to receive therefor.
The evidence of the value of a lease of the property for twenty-one years, at an annual rent of eight per cent upon the purchase money besides taxes, was improperly received. The statute (2 R.S., 135, § 8) declares that every contract for the leasing for a longer period than one year, or for the sale of any lands or any interest in lands, shall be void, unless the contract, or some note or memorandum thereof expressing the consideration, be in writing, and be subscribed by the party by whom the lease or sale is to be made. The defendant's counsel concedes that an action upon the breach of the agreement to give a lease cannot be maintained, but insists that the evidence was admissible to show the value of the plaintiff's services. InBurlingame v. Burlingame (7 Cow., 92), it was held, when a parol contract was made to convey a certain piece of land in consideration of services to be performed, that upon the performance of the services and refusal to convey the land, a special count in assumpsit upon the agreement was the only remedy, and that the plaintiff was entitled to recover the value of the land as damages. In King v. Brown (2 Hill, 485), the case of Burlingame v. Burlingame was overruled so far as it held *Page 302 
that a special assumpsit for the breach of the agreement could be maintained. Justice NELSON, in his opinion in the latter case, intimates that the value of the land may be proved in such a case as an item of evidence, showing the value of the services. The opinion states the true rule of damages. The contract being void and incapable of enforcement in a court of law, the party paying the money or rendering the services in pursuance thereof, may treat it as a nullity, and recover the money or the value of the services. This is the universal rule in cases where the contract is void, for any cause not illegal, if the defendant be in default. It is the value of the services, not that of the land, that is to be recovered. This value is to be ascertained by the agreement of the parties fixing it, if any, and if none, by proof of what they were worth. When the agreement fixing the compensation is void, it furnishes no evidence of value. The parties are presumed to know the law, and to understand that such compensation can not be recovered. Their position is the same in a legal view as though no agreement as to the amount of compensation had been made in fact, as there has been none in law. Were it otherwise, and had the plaintiff the right to prove the value of the land as showing the value of the services, according to the understanding of the parties, such value would constitute the rule of damages, and thus the plaintiff would receive the full benefit of the bargain. At all events, if the evidence is proper, the jury may adopt that as the value of the services, and thus effect the same result. Under such a rule the statute would afford but little protection to the defendant. Under an instruction by the court that the value of the land is evidence of the understanding of the defendant of the value of the services, a jury will almost invariably make that the basis of their verdict. The plaintiff's counsel insists that this (if error) was cured by the charge. When illegal evidence properly excepted to has been received during a trial, it must be shown that the verdict was not affected by it or the judgment will be reversed. If the evidence may have affected the verdict, the error cannot be disregarded. The rights of parties can *Page 303 
only be preserved by adhering to this rule. It would be vain to observe the rules prescribed by law to secure an impartial jury, if their minds are to be subjected to the influence of illegal evidence after they are impanneled. It does not follow that impressions thus obtained will have no effect, although the judge directs them to disregard the evidence. A juror is never made competent by the direction of the judge to disregard any opinion he had formed previous to taking his seat. Such direction has never been thought sufficient to protect a party from its effect. An opinion derived from illegal evidence upon the trial would be equally prejudicial.
The judgment should be reversed.