Mandeville *v.* Guernsey.

---

MANDEVILLE *vs.* GUERNSEY.

51b  99
20ap  7
51b  99
f166a329

The official character of an individual as sheriff in another state, and a bench warrant issued to him as such sheriff upon an indictment found in that state will not authorize him to arrest the person named therein within this state and carry him beyond its boundaries. In respect to those acts he is to be treated as a private person acting without legal process.

An arrest of a person within this state, by a private individual, without warrant, made for the purpose of forcibly abducting the arrested person from the state, and followed immediately by such abduction, cannot be justified. Such seizure and abduction, of themselves, constitute a criminal offense of high grade, both at common law and by statute.

One who has arrested another without process, or on void process, wrongfully, cannot detain him on valid process, until he has first restored such party to the condition he was in at the time of his arrest, at least to his liberty. The law will not permit him to perpetrate a wrong for the purpose of executing process, nor to use process for the purpose of continuing an imprisonment commenced without authority and by his wrongful act. *Per* J. C. SMITH, J.

Where improper evidence is received although objected to by the other party, but subsequently and before the testimony is closed, the judge orders the evidence to be struck out, and directs the jury to disregard it, the error is not cured by such order and direction if the verdict cannot be supported except by such evidence.

But where, upon the questions of fact submitted to the jury being found in the plaintiff's favor, he is entitled to recover some amount of damages, and the jury find a verdict in his favor which, under the circumstances shown by unobjectionable testimony cannot be regarded as excessive, it being

clear that the jury, in forming their verdict, may have wholly disregarded the evidence objected to, as they were directed to do, and as was their duty to do, it will be presumed that they acted in accordance with their duty, and that their verdict was based solely upon the evidence properly before them, and by which it was warranted.

The case of *Erben* v. *Lorillard*, (19 *N. Y. Rep.* 299,) distinguished from the present.

THIS action was brought to recover damages for assault and battery, and false imprisonment. It appears from the evidence, that on or about the first day of February, 1854, the defendant came from the state of Pennsylvania, where he then resided, with three assistants, in the night time, took the plaintiff from his home in the county of Steuben, and carried him beyond the state of New York and confined him in a prison cell, in the county of Tioga, Pennsylvania, for several days, and until he was released on bail. The defendant offered proof, by way of justification, tending to show, that the crime of forgery had been committed in the county of Tioga, in the state of Pennsylvania; that the plaintiff had been indicted in that county, for that offense, and tried and fully acquitted of the charge; that at the time the defendant took the plaintiff from the state, he had in his possession, the bench warrant issued on such indictment. The counsel for the defendant, offered to prove further, that the felony mentioned in the indictment, had been committed at the time and place therein mentioned, and that the defendant had knowledge of facts and circumstances, in respect to the commission of such felony, and in respect to the person who committed it, which afforded reasonable ground to suspect and believe that the plaintiff was the person who committed the felony. This testimony was objected to, and the objection sustained by the court.

The jury found a verdict in favor of the plaintiff, for $425; and the exceptions taken on the trial were ordered to be heard at the general term in the first instance.

Mandeville *v.* Guernsey.

*F. .C. Dininny,* for the plaintiff.

*Geo. B. Bradley,* for the defendant.

*By the Court,* JAMES C. SMITH, J.  The official character of the defendant as sheriff of the county of Tioga, in the state of Pennsylvania, and the bench warrant issued to him, as such sheriff, upon the indictment found in that county, did not authorize him to arrest the plaintiff within this state and carry him beyond its boundaries.  In respect to those acts he is to be treated as a private person acting without legal process.

A private individual may undoubtedly justify the apprehending of another, for felony, without warrant, upon a case of strong suspicion, if in fact such a felony were committed. (3 *Wend.* 350.)  The difference between the authority of a private person and a constable or other peace officer, in this respect, is that the former is justified only in case it turn out that a felony was in fact committed, but the officer may justify the arrest whether, in fact, a felony were committed or not. (*Id.*)

But it would seem that, as a general rule, the felony which will justify an arrest by a private individual, under the circumstances above stated, must be an offense that may be tried by the courts of the state in which the arrest is made; if it be committed in a foreign state and be triable there only, it will not justify such arrest.  There may be a single exception to this rule, in the case of an arrest of a person charged with the commission of a felony in a foreign state or country, for the purpose of detaining him to await a requisition upon the governor of the state in which the arrest is made, for his extradition, when such arrest is necessary to prevent his escape.

It is not material, however, to the decision of the case before us, to affirm either the exception or the rule above suggested.  It is enough to assert that an arrest of a per-

son within this state, by a private individual, without warrant, made for the purpose of forcibly abducting the arrested person from the state, and followed immediately by such abduction, cannot be justified. Such seizure and abduction, of themselves, constitute a criminal offense of high grade, both at common law, (1 *Russ. on Crimes,* 716,) and by statute, (2 *R. S.* 664, § 28.) The judge at the circuit, therefore, properly overruled the offer of the defendant to prove that a felony had in fact been committed in the state of Pennsylvania as alleged in the indictment, and that the defendant had reasonable cause to suspect that it was committed by the plaintiff.

The judge also properly denied the defendant's request to charge the jury that in estimating the damages they should not take into consideration the continued imprisonment of the plaintiff after he reached the county of Tioga. The request proceeded upon the assumption that although the arrest and imprisonment in this state were wrongful, yet the official character of the defendant, and the warrant in his hands, justified him in detaining and imprisoning the plaintiff after he had carried him beyond the state line. That position cannot be maintained. The arrest being wrongful, the defendant is liable for all the injurious consequences to the plaintiff which resulted directly from the wrongful act. The imprisonment in Pennsylvania was a continuance of the wrong which was commenced by the unauthorized seizure and imprisonment in this state. It was not justified by any process which was insufficient to justify the original arrest. A person who has arrested a party without process, or on void process, wrongfully, cannot detain him on valid process, until he has restored such party to the condition he was in at time of his arrest, at least to his liberty. The law will not permit him to perpetrate a wrong for the purpose of executing process, nor to use process for the purpose of continuing an im-

prisonment, commenced without authority, and by his wrongful act.

The only remaining question relates to the evidence offered by the plaintiff to show the expenses incurred by him in his defense on the trial upon the indictment in Tioga county, and in preparing therefor, after he had been discharged on bail. When the evidence was offered the judge received it, notwithstanding the defendant objected that the expenses were not the direct or necessary result of the arrest, and the defendant excepted; but, subsequently, and before the testimony was closed, the judge, of his own motion, ordered the evidence to be struck out, and directed the jury to disregard it. It cannot be questioned that the admission of the evidence was erroneous. The question is therefore presented whether the error was cured by the subsequent direction. The defendant insists that it was not cured thereby, as the evidence may have had an influence upon the minds of the jury, in arriving at their verdict. If the verdict could not be supported except by the evidence in question, the position of the defendant would be incontestable. But the questions of fact which were submitted to the jury, having been found in the plaintiff's favor, he was entitled to recover some amount of damages. The jury rendered a verdict of $425. Under the circumstances shown, by the unobjectionable testimony, the verdict cannot be regarded as excessive. It is clear, therefore, that the jury in forming their verdict may have wholly disregarded the evidence in question, as they were directed to do, and as was their duty to do under such direction. That being the case, it is to be presumed that they acted in accordance with their duty, and that their verdict was based solely upon the evidence properly before them, and by which it was fully warranted.

The defendants' counsel relies upon the case of *Erben* v. *Lorillard*, (19 *N. Y. Rep.* 299,) but it is clearly distinguishable from the present case. That was an action upon

a parol agreement to compensate the plaintiff for his ser-
vices in negotiating a purchase of land for the defendant,
by a permanent lease of the land at an annual rent of eight
per cent upon the purchase price. · Although the agree-
ment was void, evidence of the value of the lease was
offered by the plaintiff and received, notwithstanding the
defendant's objection, for the purpose of proving the value
of the plaintiff's services. The judge subsequently directed
the jury to disregard such evidence, but they found a
verdict in favor of the plaintiff for $2000. A new trial
was ordered at special term, but the Supreme Court, at
general term reversed that order and rendered judgment
upon the verdict. The Court of Appeals reversed the
judgment and ordered a new trial, holding that the error in
receiving the evidence was not cured by the judge direct-
ing the jury to disregard it. But it is apparent from the
report of the case, that *there was no testimony whatever to sup-
port the verdict except the testimony which the court instructed
the jury to disregard.* This is the ground upon which the
case was put by Judge Denio, in his opinion, (*page* 303.)
Neither the facts of the case, nor the language of his
opinion, authorize the position that where a verdict is fully
warranted by proper evidence, it is nevertheless to be set
aside by reason of the reception of improper testimony
which was subsequently excluded· from the consideration
of the jury. It is true that judge Grover, in the same case,
adverts to the familiar rule that when improper testimony
is received under exception, it must be shown that the
verdict was not affected by it, or the judgment will be
reversed. (*P.* 302.) That rule applies, however, where
improper testimony is not only received under exception,
but is *finally submitted to the jury,* or, which is the same
thing, is not withdrawn from them. In such case, the
presumption arises that the jury considered the improper
testimony because it was their duty to do so; but when

they are expressly instructed to disregard it, and it is struck from the case, the presumption, as has been said, is the other way. Regarding the true ground of the decision in *Erben* v. *Lorillard*, to·be that deduced from the reasoning of Judge Denio, I do not think the case sustains the defendant's position.

If the foregoing views are correct, the case before us is free from error, and the motion for a new trial should be denied, and judgment ordered for the plaintiff on the verdict.

Judgment for the plaintiff-

[MONROE GENERAL TERM, September 4, 1865. *Johnson, James C. Smith* and *E. Darwin Smith*, Justices.]