By the Court.—Jones, J.
There are two general rules applicable to the reception of parol evidence of what occurred prior to and at the time of the making of a written contract. They are :
1. That such evidence is inadmissible to contradict or vary the terms of a valid written instrument.
2. That it is admissible to explain and apply the writing.
If the plaintiff, for the purpose of showing that the terms procured by him were suitable to the defendant, had offered to prove that he at the time of signing the instrument stated that such terms would be suitable to him, the evidence would not have fallen within the first rule. Proof that at the time of the contract certain terms were agreed upon which would be suitable to the defendant does not contradict the writing which provides that to entitle the plaintiff to his. stipulated compensation the terms of the loan must be suitable to the defendant; nor is it perceivable how such proof varies the written instrument.
The terms of the instrument do not import that to entitle the plaintiff to his commission the defendant must thereafter approve of the terms of a loan, or that he should accept of the loan; if it did, of course the evidence in question would be inadmissible.
The contract does not provide what terms the defendant should be bound to consider as suitable, nor does it give any intimation as to what defendant then regarded, or might thereafter regard, as suitable. It does, however, provide that if the terms should be suitable he should pay the stipulated compensation. We are therefore compelled to resort to parol evidence to ascertain the terms which defendant considered as suitable, in order to apply the words of the contract. It is manifest that an express approval of the terms of a loan procured after the contract would be evidence that these terms were suitable. Such approval, however, *420 would have no greater force in fixing defendant’s liability than that which appertains to it as evidence that the terms were suitable. This, however, is not the only evidence that is admissible to fix a defendant’s • liability. His' statements, made either at the time of signing the instrument, or at any time afterwards, as to what terms would be suitable to him, are evidence to apply the words of the contract, and to show that those terms were suitable to him. Evidence that he stated that certain terms, if procured, would be suitable to him, is as strong proof of their being suitable as is evidence of his statement after they were procured that they were suitable.
The difficulty, however, is that the evidence was not offered with any such view. It was offered solely to explain the terms of the contract. What it was intended to make the contract mean by the proposed evidence we are not advised by the terms of the offer.
In the aspect in which the offer was put it was properly overruled.
The words are not technical words of any art, science, trade, business or profession, nor is there any ambiguity about them ; they are perfectly plain, and carry the intended idea to the mind as clearly as any idea can be conveyed by language. The idea conveyed by the language is that the defendant should not be bound to accept any loan obtained by plaintiff unless the terms thereof were suitable to him.
Although somewhat out of order it will be convenient here to consider the exception to the charge of the judge.
It was error to charge that the words “on terms suitable to me” meant on terms that he consented to after the making of the contract. As before observed, this is not the meaning of the words. These Words do not require that assent should be made at any particular time to satisfy. It simply requires that the terms *421 procured should be suitable to the defendant, not that this suitableness should be assented to at any particular time.
But this error could not by any possibility have injuriously affected the plaintiff, since there was no evidence that the terms obtained were suitable, other than that of an assent thereto by the defendant after the making of the contract.
With respect to the objection by plaintiff to all testimony on behalf of defendant of proceedings prior to making the contract, it was not taken to any question to the witness pending and remaining unanswered, It must, therefore, be an objection taken either to evidence airea,dy given without objection, or to the admission of evidence anticipated to be given. In either view it was properly overruled. After evidence is given, it is too late to object; the only remedy is to move to strike out.
It is not competent to raise an objection by way of anticipation of evidence to be given. The duty of examining the words as they faff from the witness’s mouth to ascertain whether they fall within the objection, cannot thus be imposed on the judge. That duty devolves on counsel, and cannot thus be shifted. The trial judge could have permitted the objection to be taken by way of anticipation if he had seen fit so to do —but he did not see fit to do so. Even if the judge had permitted the objection to be thus taken, the case should nevertheless show that the objection was taken after questions put, and the proper motion to strike out made after the evidence bad been given.
The counsel for plaintiff intimates by his remark after the testimony was given, that he supposed his objection reached all evidence thereafter to be given, and that the overruling of it was a decision by the judge to allow such testimony. The judge, however, by his reply showed that he did not consider such to be the effect of the objection or of his ruling thereon, but that *422 he regarded it an objection to the evidence already given. The judge having previously excluded similar testimony, there was no reason in fact or law for the attorney’s supposition. But the ruling was correct on another ground.
The plaintiff had himself given evidence respecting a conversation had by him with defendant before the making of the contract. To this extent, at least, defendant was entitled to rebut.
It may be that defendant, in his testimony, went further than he was entitled to for the purpose of rebuttal. But if so, the plaintiff should have renewed his objection when the witness commenced to give the objectionable testimony. He having failed to do this, his only remedy left was to request the court to strike out the objectionable testimony, and to direct the jury to disregard it. This request he did make, and it was granted.
The case of Erben v. Lorillard, 19 N. Y. 299, even when taken in its broadest latitude (and not as qualified and explained by Mandeville v. Guernsey, 51 Barbs 99), is not in point. That case only applies where the improper testimony has been duly and properly objected to, which is not the case here.
The testimony of the witness James Joyce was competent, as bearing on the evidence furnished by the two applications for a loan, to show that the negotations based on their application had fallen through, and that although they were approved by the bank • after the making of the contract between plaintiff and defendant, yet they did not form the basis of any negotation authorized by that contract.
This leads to the requests to charge. There being conflicting evidence as to whether the terms obtained were suitable or not, the first request was properly refused.
The next two requests are based on the assumption *423 that there was evidence that the defendant, at the time of making the contract, stated what terms were suitable to him. As there is no such evidence, the requests were properly refused.
The last request was too broad. It was a request to charge that there was nothing in the demeanor of the various witnesses on the stand, in their manner of testifying, in the various minute circumstances surrounding the trial, in the probabilities of the statements of the various witnesses, from which the testimony of the defendant might gain support. It was for the jury to determine whether it derived support from any or all of these matters.
If the request had been to charge that defendant was unsupported by any witness who testified to the same or substantially the same facts, a refusal so to charge might have been error.
Perhaps it would have been better for the judge to have qualified his refusal to charge as requested ; but he was not bound to do so.
Judgment affirmed, with costs.