By the Court.—Curtis, J.
The plaintiff, with her child, about two years old, were passengers from Church-street, corner of Worth-street, in one of defendants’ cars, July 20, 1869. Her destination was Thir *298 tietk-street. The conductor stopped the car for her a little beyond the upper crossing. She alighted from the left hand or westerly side. While in the act of alighting, holding the child in her arms, as the plaintiff and some of the witnesses testify, with one foot yet on the step, and the other on the ground, though the police sergeant testifies she had got both feet on the ground, the car started, the conductor ringing the bell.
The plaintiff, was thrown on the ground, and dragged by a part of her clothing, a hoop skirt, one of the steel bands of which caught on a nail projecting from the platform of the car. There were discrepancies of testimony as to the number of feet she was dragged over the stones of the pavement before the car was stopped, •and her dress detached from the projecting nail of the car. There was contradictory evidence among the medical witnesses, as to the nature and extent of the injuries she sustained.
On the trial two exceptions were taken by defend- ■ ants’ counsel to the rulings of the court, in respect to the allowance of questions to witnesses. The questions related to matters of very little importance or materiality, and the rulings of the court were correct.
The defendants’ counsel moved, at the close of the testimony, to dismiss the complaint on the grounds—
1. That the plaintiff had failed to maintain or prove a cause of action.
2. That no negligence on the part of the defendants had been proved.
* 3. That contributive negligence on the part of the plaintiff had been shown.
This motion was properly denied by the court.
The defendants’ counsel requested the court to charge the jury some eighteen propositions, and excepted to the refusals of the court to charge various of them. The exceptions to such refusals to the following requests were pressed on the argument:
*299 " Fourth. That the plaintiff, wearing hoops, was bound to use extra caution to avoid accidents when she attempted to alight from the car.”
“ Tenth. If the jury find that the hoop skirt worn by the plaintiff was the proximate cause of the accident, or that the use of the same contributed to cause her injury, she cannot recover/’ .
“ Eleventh. That a hoop skirt, such as that worn by the plaintiff on this occasion, is ,an unnecessary article of female apparel, and that a lady thus attired is bound to exercise more care in entering or alighting from a street car than a man.” '
The court charged the jury as follows in respect to hoop skirts: “I will not undertake to tell the jury that hoop skirts are unsafe. If hoop skirts are worn by such passengers as the railroad company were in the habit of carrying, they were bound to provide for the safety of passengers with that kind of garment on. They are bound to carry such passengers as they take and are in the habit of taking, safely, with as much care and caution as prudent, cautious persons would be bound to exercise.”
It can hardly be insisted on, that it was the duty of the court to have charged the jury, that a hoop skirt is an unnecessary article of female apparel, or that an extra degree of caution is required on the part of the wearer, to avoid accidents. The court charged the jury correctly upon the subject.
There were many other- exceptions urged, on the argument to other refusals of the court to charge the propositions submitted by the defendant, but, upon reference to the charge, it will be seen, that all the propositions which had any materiality to the issue, and which the defendant was entitled to have charged, were charged, either in words or in substance. Nor does it appear, or is there any reason to beliéve, that the jury were misled by any refusal of the court, to *300 charge any proposition submitted by the defendants (Denis v. Crook, 1 Edm. 95; Patterson v. People, 46 Barb. 625; Downs v. Sprague, 2 Keyes, 57; Mandeville v. Guernsey, 51 Barb. 99).
The charge of the court carefully excluded from the consideration of the jury anything like exemplary or vindictive damages, and limited the damages, if any, to such as she sustained, occasioned directly and immediately by the accident.
The jury found a verdict for plaintiff for two thousand five hundred dollars. I
There appears to be no sufficient reason for disturbing the conclusion of the jury upon the evidence, that the injury to the plaintiff was caused by the negligence of the defendant. An ordinary passenger, and still less a woman with a child in her arms, cannot be expected by the exercise of their usual faculties to anticipate and avoid to them such an obscure danger.
The defendants urge that the verdict is excessive, and much greater than is justified by the circumstances of the accident, or the natural consequences of the actual injury sustained.
The evidence shows conclusively that the plaintiff sustained a severe shock and injuries, and such as testified to, by some of the witnesses, as the verdict would be little compensation for. Upon reviewing the evidence with some care, it does not appear that the damages are excessive, or probably more than any jury would award for the injuries proved. There is no reason for granting a new trial on this account.
For these reasons the judgment and order appealed from should be affirmed, with costs to plaintiff.