was so or not must depend upon the circumstances of each particular case."
2 *Steph. Hist. Crim. Law*, 123; see People *v.* Melius, 1 *N. Y. Crim. Rep.* 39.

Stephen gives the following able statement of the law of culpable negligence in *Digest of Crim. Law:*

Art. 211. "Every one upon whom the law imposes any duty, or who has by contract or by any wrongful act, taken upon himself any duty tending to the preservation of life, and who neglects to perform that duty and thereby causes the death of any person, commits the same offense as if he had caused the same effect by an act done in the state of mind as to intent or otherwise which accompanied the neglect of duty. Provided, however, that no one is deemed to have committed a crime only because he has caused the death of, or bodily injury to, another by negligence which is not culpable. What amount of negligence can be called culpable is a question of degree for the jury, depending on the circumstances of each particular case. Provided, also, that no one is deemed to have committed a crime by reason of the negligence of any servant or agent employed by him. Provided, also, that it must be shown that death not only follows, but is also caused by the neglect of duty.

Art. 212. "It is not a crime to cause death or bodily injury, even intentionally, by any omission other than those referred to in the last article."

---

## Supreme Court—General Term—First Department.

### *March*, 1886.

### PEOPLE *v.* ZIMMERMAN.

TRIAL—WHEN DIRECTION TO DISREGARD INCOMPETENT EVIDENCE ERRONEOUSLY ADMITTED, NOT SUFFICIENT TO CURE ERROR—RAPE.

The rule that where incompetent evidence has been received under exception, that error is not cured by a direction to the jury to disregard it, if it might have affected the verdict—though modified by recent decisions—should still be strictly applied, where the case is one which in its nature appeals very strongly to the sympathies and passions—*e. g.*, a case of rape—and the evidence is calculated to inflame and excite the sympathies of the jury.

APPEAL from a judgment of the Court of General Sessions of the city and county of New York, convicting defendant, William G. Zimmerman of the crime of rape.

The defendant was tried on an indictment found in said court, charging a rape on one Martha Zimmerman, his daughter, alleged to have been committed October 18, 1885.

On the trial one Amy Lowe, a married daughter of the prisoner, was called as a witness on behalf of the defendant, and gave testimony contradictory of the testimony of the complainant as to the complainant's having disclosed to the witness that the prisoner had committed a rape upon her, and that the complainant had exhibited to the witness her bloody garments. Counsel for the prosecution, on cross-examination, asked the witness whether she had not made a statement to officer Jenkins to the effect that she, the witness, was compelled to leave her father and get married, because her father had attempted to commit a rape on her. This evidence the court excluded, on the objection of prisoner's counsel. But the court, against defendant's objection and exception, permitted officer Jenkins, who had been called in rebuttal, to give the conversation which the court had theretofore excluded from the witness Lowe. Finally, the court thereafter, upon consideration, directed the jury to disregard said testimony of Jenkins.

*Howe & Hummel,* for the prisoner, appellant.

It is clear that the admission of the testimony objected to was error. It did not contradict the witness Lowe, because the court refused to allow the prosecution to put questions to this effect. And even if it did, the prosecution could not contradict the witness in this matter, which was purely collateral, and the prosecution would have been bound by any answer the witness Lowe might have given. The prosecution was, therefore, by the introduction of the evidence of the witness Jenkins, giving testimony to the jury that the defendant had committed or attempted to commit a rape on his married daughter, an offense for which he was then not on trial, and which he certainly could not be called on to answer while defending himself on the indictment charging a rape on Martha Zimmerman.

The evidence being collateral could not be contradicted. Furst *v.* Second Avenue R. R. Co., 72 *N. Y.* 546; Stokes *v.* People, 53 *Id.* 176; Chapman *v.* Brooks, 31 *Id.* 87; Carpenter *v.* Ward, 30 *Id.* 245; Baptist Church *v.* Brooklyn Fire Ins. Co., 28 *Id.* 159; Plato *v.* Reynolds, 27 *Id.* 587; People *v.* Ware, 29 *Hun,* 474; Boland *v.* People, 19 *Id.* 83.

The evidence tended to prove the defendant guilty of another offense, and was inadmissible. People *v.* Gibbs, 93 *N. Y.* 472; Copperman *v.* People, 56 *Id.* 596; Stokes *v.* People, 53 *Id.* 176; Rosenzweig *v.* People, 6 *Lans.* 462.

It has been well settled that an error in the reception of illegal evidence is not cured by a direction to disregard the evidence. Erben *v.* Lorillard, 19 *N. Y.* 302; Furst *v.* Second Avenue R. R. Co., 72 *Id.* 547; Coleman *v.* People, 58, *Id.* 561; Anderson *v.* Rome, W. and O. R. R. Co., 54 *Id.* 341; Stokes *v.* People, 53 *Id.* 184; Worrall *v.* Parmelee, 1 *Id.* 519; Newman *v.* Goddard, 3 *Hun,* 72; Irvine *v.* Cook, 15 *Johns.* 239; Penfield *v.* Carpender, 13 *Id.* 350; Vandevoort *v.* Gould, 36 *N. Y.* 639; People *v.* Gonzalez, 35 *Id.* 49.

*Randolph B. Martine,* district attorney (*De Lancey Nicoll,* assistant), for the people, respondent.

DAVIS, P. J.—The appellant was convicted of the crime of rape, committed upon his own daughter, a child fourteen years of age. Incompetent testimony, showing that an older daughter who was a witness on behalf of the defendant, and gave testimony conflicting with and contradicting that of the plaintiff, had made declarations to a third party that the prisoner had committed a like offense upon herself, was received by the court under the long persistency of the assistant district attorney, but on the following day the court, of its own motion, struck out the testimony and directed the jury to disregard it.

We are satisfied, on reading the whole case, that this evidence had a very prejudicial effect on the jury against the prisoner.

In Erben *v.* Lorillard (19 *N. Y.* 299) it was held that where incompetent evidence had been received under exception, the

error is not cured by the judge directing the jury to disregard it if it might have affected the verdict.

This rule, though somewhat modified by subsequent cases, ought to be strictly applied to a case of this character, for as was said by LAWRENCE, J., in Newman *v.* Goddard (3 *Hun,* 72). "The case is one which in its nature appeals very strongly to the sympathies and passions, and the evidence was calculated to inflame and excite the sympathies of the jury."

In this case we think the evidence must have seriously impaired the credit given by the jury to the testimony of the elder daughter, and must have operated to the serious prejudice of the defendant. · The case as presented shows a very earnest effort on the part of the court, he having become satisfied that the testimony should not have been allowed, to prevent any injurious effect upon the minds of the jury, but it does not appear beyond question that his efforts were successful. In the interest of justice, we think the prisoner ought to have a new trial.

The judgment should be reversed and a new trial ordered.

DANIELS and BRADY, JJ., concur.