Davis, P. J.
The appellant was convicted of the crime of rape, committed upon his own daughter, a child of fourteen years of age. Incompetent testimony showing that an older daughter, who was a witness on behalf of the defendant, and gave testimony conflicting with and contradicting that of the plaintiff, had made declarations to a third party that the prisoner had committed a like offense upon herself, was received by the court under the long persistency of the assistant district attorney, but on the following day the court, upon its own motion, struck out the testimony and directed the jury to disregard it.
We are satisfied, on reading the whole case, that this evidence had a very prejudicial effect on the jury against the prisoner.
In Erben v. Lorillard (19 N. Y., 299) it was held that where incompetent evidence had been received under exception, the error is not cured by the judge directing the jury to disregard it if it might have affected the verdict.
This rule, though somewhat modified by subsequent cases, ought to be strictly applied to a case of this character, for as was said by Lawrence, J. (in 3 Hun, 72): “The case is one which in its nature appeals very strongly to the sympathies and passions, and the evidence was calculated to inflame and excite the sympathies of the jury.”
In this case, we think the evidence must have seriously impaired the credit given by the jury to the testimony of the elder daughter, and must have operated to the serious prejudice of the defendant. The case, as presented, shows a very earnest effort on the part of the court, he having become satisfied that the testimony should not have been allowed, to prevent any injurious effect upon the minds of the jury, but it does not appear beyond question that his efforts were successful. In the interests of justice, we think the prisoner ought to have a new trial.
The judgment should be reversed and a new trial ordered.
Daniels and Brady, JJ., concur.