Van Brunt, P. J.
— This action was brought to recover the price of certain maccaroni alleged to have been sold to the defendants as copartners, and one of the issues tried was as to the copartnership of the defendants, Joseph A. Errico, Louis J. Errico and Francesca A. Errico, with the other defendants.
The deposition of the plaintiff was taken before trial, and ■ plaintiff’s counsel read from it the following question :
In selling the maccaroni and other groceries, with whom of the defendants did you have dealings personally ?
The record shows that this question was objected to by counsel, and the court ruled that the jury would have to discriminate as to how much it bound each.
This question in itself was perfectly proper, and the objection was properly overruled, and what the court meant by the jury discriminating can only be gathered by what follows:
The record shows that the question was repeated and defendants’ counsel, objected to the second branch of the answer to the question, on the ground that it was not evidence against the three defendants in this action, and is hearsay as to them.
The court ruled as before and the defendants excepted.
The answer was then read as follows :
In 1876, Gabriele and his son Vincenzo they came to my factory in Gragnano and proposed to me to do business in maccaroni for use in New York, where they told me they had two houses, one in jewelry and one in grocery.
*426 At that time I began to do business with them, and at the same time they told me they had in New York other sons and brothers who belonged to the same partnership ; that at the same time they mentioned to me the names of Francis A. and Joseph A., who at that time had the direction of business in New York.
The evidence in this last part of the answer was clearly incompetent as to the defendants Francis, Joseph and Louis, who were defending this action. Evidence of declarations of one man that another is his partner is no evidence of the fact, and is not binding upon the other, and it was specifically objected to.
This error is not cured by the ruling of the learned judge that the jury should discriminate as to how much it binds each.
There was nothing in that answer which could possibly bind the defendants appearing.
In answer, it is urged that this exeception is unavailing, because in every instance the jury were instructed that the declarations did not bind any one of the various defendants, except the one who had made the declaration, unless the jury first find that there was a partnership.
This is, however, no answer to objection. The only object of the introduction of such evidence, was to prove a partnership, otherwise it had no pertinency, and it clearly was incompetent to do that, and the jury were left to consider this evidence upon the vital issue in the case.
This evidence was never stricken from the record, and it is well settled that a direction to a jury to disregard evidence improperly admitted, does not cure the error, unless it is manifest that it did not affect the result. Erben v. Lorillard, 19 N. Y., 299; Newman v. Goddard, 3 Hun, 70.
I have, however, searched the record in vain, for a direction to the jury to even disregard this incompetent evidence, which, however, if given, would not have cured the error.
It is not necessary to consider the other questions in the case, as the one suggested seems to require a new trial.
The judgment must be reversed, with costs to the appellants to abide the event.
Bartlett and Macomber, JJ., concur.