Lawrence, J. (dissenting).
Without adverting to the numerous questions which were discussed upon the argument of this appeal, there is one ground upon which I am of opinion that this judgment should be reversed.
The learned justice who presided at the trial admitted evidence that certain miners at Leadville had clubbed together, and put money into the stock at twenty dollars a share, and that they used to talk about the values of the mines at dinner times and that the miners said it was the biggest mme in the whole world, and did not know where the mineral would run to, and also that we, i. e., the miners, thought there was almost no limit to it, and if the ore had held out as it promised from the developments, “I should say the property should be worth from thirty to forty millions ”
In charging the jury, the learned justice said- “I desire here though, to withdraw from your consideration one particular fact which was put in evidence in these interrogatories answered in the commission. That is the fact that certain miners in Colorado made a pool and purchased stock themselves in this company. I withdraw it from your consideration, as I do not believe if to be proper or material evidence, and without saying one word in regard to the manner in which it got in here yesterday, because there is no question but what it was an open and above board transaction, yet I do not think my attention was directed to it withthat degree of care that it should have been; and therefore it having got in, I think it my duty to say to you that that particular portion of the answer to the seventh interrogatory which I have stated as to these miners making up a pool for the purpose of purchasing this, stock is not before you as evidence at all.’’
The evidence referred to by the learned justice was received under the objection and exception of the plaintiff’s counsel, so that he is entitled to raise the question upon the appeal, whether its reception in the first instance injuriously affected his client’s rights.
In Erben v Lorillard (19 N. Y., 299) it was held that where evidence had been erroneously received under exception, if it might have affected the verdict, the error could not be cured by the judge, in his charge, directing the jury to disregard it; and that for such error, the party against whom the evidence was received would be entitled to a new triaL See opinion of Groove, J., pp., 302 and 303, and of Denio, J., p. 303, see also Newman v. Goddard, 3 Hun, 70; Tabor v. Van Tassel, 86 N. Y., 643.
In this case the court cannot say that the evidence in question could not and did not affect the verdict of the jury.
It follows therefore that the judgment and order should be reversed and a new trial granted, with costs to abide the event.