Haight, J.—
This action was for slander in charging the plaintiff with having committed the crime of abortion. The answer does not deny the allegations of the complaint, but alleges that the defendant was informed and believed that the plaintiff did commit abortion upon the person of the defendant’s daughter and that the same would be proved as mitigating circumstances. It further alleged on information and belief that the defendant did use and employ an instrument upon the person of the defendant’s daughter with intent thereby to produce a miscarriage, she then being pregnant with child; that she did miscarry and that abortion was then and there produced by the plaintiff. The answer does not allege that such miscarriage *780 was wrongfully produced or that it was not necessary to save the life of the woman or the child with which she was pregnant.
At the conclusion of the plaintiff’s evidence he asked the court to rule and decide that there was no defense set up in the defendant’s answer and that the allegation of the complaint stands admitted. The court refused so to rule, saying: “I shall decline to say that the plaintiff made out a cause of action, that the answer is defective and you have not demurred and it comes down to a new issue that leaves nothing but mitigation and justification to be investigated. I shall overrule that request to direct the jury to assess damages, and I shall also decline to rule there is no defense pleaded, but permit the answer to be amended.” The plaintiff excepted to each refusal to rule as requested. The question has arisen as to what ruling the court intended to make. It is insisted that the court held and decided that the plaintiff had not made out a cause of action. If this "Was the ruling made, then the court was wrong, for the complaint alleged a good cause of action and the same was not denied by the answer; but we are inclined to the opinion that this was not the ruling made or intended. The plaintiff was premature in his request. The evidence had not been closed. The defendant had not been given an opportunity to introduce evidence and the court was not called upon or obliged at that stage of the trial to make the ruling asked for. . Matter in mitigation had been alleged in the answer and the defendant had the right to introduce this evidence, even though there was a failure to allege justification.
Had the plaintiff at the close of the evidence asked the court to direct the jury that the plaintiff was entitled to recover a verdict and that the jury was only called "upon to assess the damages, a different question would have been presented. For the same reason the exception was not well taken in reference to whether or not a defense was set up in the answer. No evidence had at that time been offered tending to show a defense, or that had been objected to because no defense was alleged, and the court could very properly refuse to rule upon the requests at that stage of the proceedings. It does not appear that the answer was amended.
Upon the trial evidence was given without objection, tending to establish justification. The case was submitted to the jury, and the jury found for the defendant. The charge of the court is not printed in the appeal book, and no exceptions appear as to the questions submitted to the jury. We must, therefore, conclude that the charge was satisfactory to the plaintiff and that he acquiesced therein.
*781 Upon the trial the defendant testified under objection in his own behalf, that before speaking the words alleged in the complaint, he had been informed by his daughter that the plaintiff had committed abortion upon her and that he believed it to be true. This evidence was competent. The defendant had the right to prove that the words were uttered in good faith and without malice, in mitigation of damages. Hatfield v. Lasher, 81 N. Y , 246; Willover v. Hill, 72 id., 36; Bennett v. Smith, 23 Hun, 50; Kimball v. The Herald Co., 21 Wk. Dig., 34.
Jacob G-urman was called as a witness on behalf of the defendant, and testified that he was acquainted with plaintiff and with his character in the community in which he lived. He was then asked: “What is his character— good or bad ?” The plaintiff - submitted to the court that the inquiry should be confined to the time before the commencement of the action. This was overruled and exception was taken. The witness answered his character was bad.
In slander cases the general character of the plaintiff is involved, and evidence upon that question may be given to mitigate the damages. It is competent upon the theory that a person of general bad character would not suffer damages to the same extent by the utterance of a slander as a person who had previously been of good character; but the evidence must be limited to the time before the uttering of the slanderous words, and it is not competent to prove bad character thereafter, which may be based in whole or in part upon the slander uttered. Bouqlass v. Tousey, 2 Wend., 352.
But subsequent to the admission of this evidence the plaintiff was sworn as a witness in his own behalf. His credibility as a witness then became a question for consideration, and upon that question his general character was a proper subject of inquiry down to the time of his appearance as a witness. We are consequently of th'e opinion that this made the evidence competent and cured the error that otherwise might have existed.
One Goodell was sworn as a witness on behalf of the plaintiff, and gave evidence to the effect that his reputation in the community in which he lived was good. Upon the cross-examination he testified, under objection, that he had known of the plaintiff’s carrying a revolver, and had heard about his being intimate with another man’s wife.
After this evidence was taken, the court ordered that in reference to the revolver stricken out, and said to the jury, it is not competent evidence. It is now contended that the action of the court in striking it out and directing the jury to disregard it, did not relieve the plaintiff and prevent his *782 being prejudiced thereby. That which he had heard about his being intimate with another man’s wife was competent. The witness had testified that he knew his reputation in the community and that it was good. It was proper on cross-examination to show upon what the witness based his judgment, and, if possible, that his reputation was not good. Carpenter v. Blake, 10 Hun, 358.
As to the evidence in reference to the revolver stricken out, we shall for the purposes of this case, assume that it was incompetent, without stopping to consider or decide the question.
In the case of Mandeville v. Guernsey (51 Barb., 99), improper evidence had been received under objection, and subsequently the court ordered it stricken out and directed the jury to disregard it. It was held tha,t inasmuch as there was other evidence which supported the verdict, it will be presumed that the jurors acted in accordance with their duty, and that their verdict was based solely upon the evidence that was properly before them. This case was affirmed by the court of appeals (50 N. Y., 669) and approved recently by this court in the case of Hunt v. Raplee, 7 N. Y. St. Rep., 783.
In the case under consideration the court did not, in express terms, direct the jury, to disregard the testimony, but it ordered the evidence stricken out, and said to the jury, “It is not competent evidence.” The jury was thus given to understand that it was not proper evidence for their consideration, and, inasmuch as the evidence itself has but a slight bearing, if any, upon the case, we are of the opinion that the error in its admission, if any, was cured.
Again, Martha A. Gfoodell gave evidence on behalf of the plaintiff to the effect that she had a conversation with Mrs. Sloan, the person on whom the alleged abortion was committed, in which she complained of severe pain, and that her husband said she had better send and get a doctor, etc. The defendant then objected upon the ground that “it is incompetent, and the plaintiff is concluded by the answer of the witness given by Mrs. Sloan on that subject.” The plaintiff then stated that he should show, by medical testimony, that it would be impossible for Mrs. Sloan to become pregnant if instruments were used to replace the-womb.
“By the Court.—That looks to me, that is a question which a witness is called upon to answer the party asking it, and take her evidence as conclusive. Objection sus tained; plaintiff excepted.”
It is not clear as to what evidence was objected to or excluded by the court. If the ruling was to exclude the *783 evidence of this witness as to what was said by Mrs. Sloan, then it was erroneous, for Mrs. Sloan had been sworn as a witness for the defendant; had given evidence to the effect that she was in a family way, and that a miscarriage had been produced by the plaintiff. Upon her cross-examination the plaintiff sought to show that she was not in a family way by showing declarations as to her condition, made to this witness inconsistent with the existence of pregnancy. The proper foundation was laid to contradict her upon these questions, and the matter was not collateral, but bore directly upon the main question at issue and litigated upon the trial. But notwithstanding the ruling the witness was allowed to proceed and state what was said by Mrs. Sloan on this occasion, so that the evidence was received, and consequently the exception is of no avail.
¡Numerous other exceptions were taken upon the trial which we do not regard it necessary to here discuss. There are none which necessitates the granting of a new trial.
The judgment and order should, therefore, be affirmed.
Smith, P. J,, and Bradley, J., concur; Barker, J. not sitting. __