Dykman, J.
This action was commenced for the recovery of the sum of $300 which the plaintiff claims from the defendant as a balance due for services as a traveling salesman in the year 1886.
The complaint set up an agreement of the defendant to pay the plaintiff a salary of $1,300 dollars, and an additonal commission of two and a half per cent upon sales which he should make. That allegation was put in issue by the answer, and on the trial the plaintiff testified as a witness that he had a conversation with the defendant about an arrangement for the year 1886, and after that he handed a paper to him. The paper was then produced and found to be an unsigned memorandum, dated December 3, 1885. The plaintiff then said he made a memorandum of the conversation with the defendant respecting his engagement for *586 1886, and it was on that paper. The paper was then offered in evidence and excluded.
Then the plaintiff was requested to state what the conversation with the defendant was, and the defendant objected to the testimony because it was made in November for the year to commence in January, and within the statute of frauds it was void. To that the trial judge said it would, be, but they went on under the arrangement.
The memorandum was then called for and marked exhibit 1, for identification, and offered in evidence and excluded. Then the court decided to take the conversation, and the plaintiff’s counsel directed the plaintiff to state what conversation there was respecting his employment for the year 1886, and upon his statement that it was December 3, 1885, the defendant’s counsel objected to the conversation because it was incompetent to sustain a void contract. That objection was overruled and the defendant excepted, and the conversation was then detailed by the plaintiff, which he said he put in writing and handed to the defendant the same afternoon. He then stated to the court that the paper he wrote and handed to the defendant was the paper marked exhibit 1, for identification. Then he said about a week after he asked the defendant if that agreement was satisfactory, and he said yes.
Exhibit Number 1 was then offered in evidence, and was received over the objection and exception of the defendant, and read in evidence.
At a latter stage of the examination of the plaintiff, the trial judge said he had misunderstood the date of the first conversation as December thirteenth, and he would allow the plaintiff to amend, but there was no amendment, and there has been none.
At the close of the testimony, the court stated that the contracts were all void under the Statute of Frauds, and charged the jury that they did not hold either party, and that the plaintiff was entitled to recover compensation for his services. All the exhibits were taken by the jury without objection, and a verdict was made for the plaintiff, for $300, and that result was almost inevitable.
The void contract had been received and read in evidence, and that gave it vitality and validity with the jury, and they had no instruction to disregard it, and they were permitted to take it with them when they retired for deliberation. It contained the contract precisely as the plaintiff had stated it, and showed $300 due, and the verdict was made accordingly.
We think the admission of the conversation and the memorandum of December 3, 1885, was erroneous, and that the error was not cured by the charge.
*587 The contract was verbal and was not to be performed within a year, and was therefore void under the Statute of Frauds Being void it was inadmissible in evidence for any purpose. It was nothing. It would not be used for any purpose. It was not evidence of the value of the services of the plaintiff. Erben v. Lorillard, 19 N. Y., 299.
The Judgment and order appealed from should be reversed, and a new trial granted, with costs to abide the «event.