HATCH v. TERRY.

(Supreme Court, Appellate Division, Second Department.  November 15, 1912.)

1. APPEAL AND ERROR (§ 930*)—ERROR CURED BY INSTRUCTION—PRESUMPTION.
    Where, in an action for collision of an automobile with a pedestrian, evidence of defendant's chauffeur was admitted as possible evidence, but the court instructed that this was no evidence of negligence, and that the jury should not consider it, it will be presumed the instruction was obeyed, and the error in admission of the evidence cured.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3755–3761; Dec. Dig. § 930.*]

2. DAMAGES (§ 132*)—PERSONAL INJURY.
    A verdict of $14,000 for collision of an automobile with plaintiff, who had been earning $18 a week as a costumer, she being unconscious for three days after the accident, both arms and one leg being broken, and her scalp injured, and the evidence being that the broken leg will be a half inch short, and that the left arm will be of little use, is not excessive.

    [Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 372–385, 396; Dec. Dig. § 132.*]

Appeal from Trial Term, Westchester County.

Action by Helen Parker Hatch against Edward F. Terry.  From a judgment for plaintiff, and from an order denying a motion for new trial, defendant appeals.  Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, WOODWARD, and RICH, JJ.

Joseph M. Proskauer, of New York City (Charles C. Marsh, of New York City, on the brief), for appellant.

Sydney A. Syme, of Mt. Vernon, for respondent.

JENKS, P. J.  The action is for negligence, and the plaintiff has judgment.  She complains that, when crossing a city street, she was struck by the motor car of the defendant.  The questions of contributory negligence and of negligence were for the jury, and upon the facts we should not disturb the verdict.

[1] The defendant contends that a new trial should be granted in view of certain testimony offered by the plaintiff.  A policeman called by the plaintiff testified that on the day after the accident he had conversation in the defendant's presence with his chauffeur, who was driving the motor car at the time of the accident, and the witness then was asked what he had said to the chauffeur, and what the latter had said to him, "with regard to his having a chauffeur's license." Objection was made upon the ground of incompetency, irrelevancy, and immateriality, that this was not proof tending to show negligence, and not the proper proof of the fact sought.  The court said:

"I think if the defendant participated by being there makes it competent. Whether it is proof of negligence or not is a question.  It is a conversation which constructively the defendant entered into by hearing and not saying anything.  I think I will have to allow it."

The defendant excepted, and the record immediately thereafter reads:

"Motion reserved to strike out, if the evidence is irrelevant."

Thereupon the witness said that he had asked the boy whether he had a chauffeur's license, who replied that he did not have one, that he was about to apply for one that very day, but that some business of the defendant had detained him from going to get the license. The motion, then made, to strike out the answer as irrelevant, incompetent, and immaterial, and not binding upon the defendant, was denied under exception. The court charged:

"The fact that a man had no license would not prove that he was careless at that point or on that day."

And at the close of the charge the counsel for the plaintiff requested the instruction that:

"Under the highway law of the state of New York, it was not lawful for the defendant to permit the automobile to be operated by a man who did not have a license issued to him pursuant to law."

The court said:

"That I will refuse to charge; but I will say to the jury that it is what the man did, and not what he was, that is controlling in this case. If he never had a license, and never drove an automobile before, yet if he on that day drove prudently and intelligently, the fact that he had no license should not be considered by you in deciding who was to blame."

The same counsel then said:

"I ask your honor to charge, if they find the automobile was operated by a man without a license granted under the state law, that that would be some evidence of negligence in this case."
"The Court: I will decline that."

None of these instructions was excepted to, and no modification or further instruction upon this feature was requested. Thus it appears that the court at the outset but admitted the testimony tentatively, expressly stating at the time that the question was still open whether it was or was not negligence, that subsequently the court instructed the jury that the fact that the chauffeur was unlicensed would not prove that he was careless in this accident, that the court refused to charge that the defendant violated the Highway Law in permitting his servant to work the motor car, that the court instructed the jury that the culpability of the defendant depended upon his acts, not his status as a licensed or unlicensed chauffeur, and that the fact that he was unlicensed was not any evidence of negligence.

Thus the learned counsel for the appellant is forced to contend that the mere admission of the fact of no license, not even as evidence, but as possible evidence, although afterwards expressly and affirmatively excised from the case, was prejudicial error. I think that the point is not well made. The rule that applies is that it will be presumed "that the instructions" of the court "were obeyed and the error in its admission cured." Holmes v. Moffat, 120 N. Y. at page 163, 24 N. E. at page 276, citing Pennsylvania Co. v. Roy, 102 U.

S. 459, 26 L. Ed. 141. See, too, People v. Schooley, 149 N. Y. 103, 43 N. E. 536; Ives v. Ellis, 169 N. Y. 91, 62 N. E. 138; People v. Smith, 172 N. Y. 239, 64 N. E. 814. The case is not controlled by Erben v. Lorillard, 19 N. Y. 299, and the other cases cited by the learned counsel for the appellant. Erben v. Lorillard, supra, is discriminated in Holmes v. Moffat, supra, in that, when the court instructed the jury to disregard the testimony that was improper, the case was bare of any evidence that supported the verdict.

[2] The verdict was for $14,000 in round numbers. Since the death of her husband 15 years ago, the plaintiff has been supporting herself by earning $18 a week by draping gowns and making threatrical costumes. The accident occurred in August, 1911. The plaintiff was taken at once to the Roosevelt Hospital, and was confined there, still undischarged at the time of the trial, October 30, 1911. Dr. Mott, the house surgeon, who had personal charge of the plaintiff, testified that, when admitted, she was suffering from two scalp wounds, which had been sewed up in the accident room, and that both arms and her left leg were in temporary splints. She had suffered a deep scalp wound of 5 inches on the head, extending down to the bone, and a smaller scalp wound on the head 2½ inches long. There was a large contusion on the back of her head, where a large blood clot was formed. Both arms were broken. The break of the left arm was a simple and that of the right arm a compound fracture, with the bone projecting through the skin. There was a simple fracture of both bones of the left leg from below the knee joint into the knee joint. The witness testified that the left leg will be permanently shortened by one-half an inch, that the right arm will be fairly good for use, but that permanently the left arm will be of very little use; and he further testified that the patient lay unconscious for three days, which indicated a very severe case of concussion. The defendant did not offer any testimony in contradiction or in diminution. I think that the damages were not excessive.

The judgment and order must be affirmed, with costs. All concur.