Rodenbeck, J.
The allegation in the complaint that the defendant objects to is the statement that the person who was employed by the defendant to operate the automobile in question “ was not authorized by law to operate the same.” This language it is claimed refers to the fact that the person operating the automobile was not a licensed chauffeur and that his failure to have a chauffeur’s license is not evidence of negligence and is, therefore; an immaterial allegation in the complaint. Hatch v. Terry, 153 App. Div. 230. The statute requiring chauffeurs to be licensed was designed to protect the public against incompetent operators of cars, and the employment of an unlicensed chauffeur has, therefore, a bearing upon the exercise of ordinary care which the defendant owed toward the plaintiff in the operation of its car. If a railroad company permitted a man not having an engineer’s license to operate a limited passenger train which came into collision with another train, it would be some evidence of the lack of proper care on the part of the company to go to the jury upon the question of its liability. If a physician conducting a private hospital permitted a person not licensed as a surgeon to perform an operation, requiring professional skill, upon a patient from which malpractice resulted, it would be some evidence of absence of due care on his part to go to the jury upon the question of his liability. The evidence would not be conclusive and might be wholly overcome by proof of competency, but, nevertheless, standing alone, it would *294 call for an explanation and constitute prima facie negligence. So in this case. The failure to employ a licensed chauffeur is some evidence of negligence which may be overcome by subsequent evidence showing that, notwithstanding the fact that the chauffeur was not licensed, he was thoroughly competent and was not responsible for the collision. It is not an immaterial question like the failure to have a car license which can have no possible bearing upon the operation of the car. The violation of the ordinance, therefore, is prima foxie evidence of negligence to be submitted to the jury in connection with the other facts in the case to determine the ultimate liability. Pigeon v. Mass. Northeastern St. Ry. Co., 119 N. E. Repr. (Mass.) 762; Bourne v. Whitman, 209 Mass. 155; Huddy Automobiles (5th ed.) § 226; Martin v. Herzog, 228 N. Y. 164.
Motion denied, with ten dollars costs to abide the event.