NEW-YORK,
May, 1831.

EARING *vs.* LANSINGH.

Earing
v.
Lansingh.

On a question arising under the acts of the legislature, requiring all persons meeting each other on any turnpike road or public highway to drive their carriages *to the right of the centre of the road*, it was adjudged that the true construction of the acts is, that persons thus meeting shall keep *to the right of the centre of the* WORKED PART *of the road.*

It is not the centre of the *smooth* or *most travelled* part of the road which is the dividing line, but *the centre of the worked part*, although the whole of the smooth or most travelled path may be upon one side of that centre.

It is no defence that the party had no design to offend, that he attempted to prevent a collision, that the road on his side was rough and rutty, and that it was more difficult for him than for the other party to turn out; unless the obstacles to turning out are insuperable or extremely difficult, he is without excuse.

ERROR from the Rensselaer common pleas. This cause was tried in the Rensselaer common pleas on appeal from a justice's judgment. Lansingh sued Earing before the justice and recovered a penalty of *five dollars* for not turning out to the right of the centre of a road on which they were travelling in their waggons, in opposite directions. They were travelling in the town of Greenbush, on the Rensselaer and Columbia turnpike road; Lansingh was proceeding to, and Earing coming from the village of Greenbush; at the place where they met, the worked part of the road is not over 20 feet wide; on Earing's right the worked part of the road run close to the fence, and was very rough and rutty, being frozen; on Lansingh's right there was a distance of five or six rods over a smooth piece of ground, on which waggons frequently passed, whereby a path was made, and the descent from the worked part of the road was gradual, without much of a ditch. When the parties approached each other, their waggons were in the *beaten track;* Lansingh was driving on a good trot: Earing slacked the pace of his horses, and turned them and the waggon *entirely to the right of the beaten track,* and drove upon that part of the road which was very rough and rutty. Lansingh continued to drive at the same rate, and kept directly in the smooth part of the road, and whilst Earing was turning out, Lansingh's waggon struck the waggon of the defendant, and broke the defendant's axletree; Lansingh's

NEW-YORK,
May, 1831.

Earing
v-
Lansingh.

waggon sustained no injury. Earing was at the time endeavoring to get further out of the road to the right, and had Lansingh checked his horses to a walk, the waggons would not have come in contact. The beaten or smooth part of the track on which Lansingh travelled was *two feet* to the east of the *centre of the worked part* of the road, measuring from ditch to ditch. The court charged the jury that the only question for them to decide was, whether the defendant was to *the right of the centre of the road* or not, and that in deciding that question the centre must be determined by *the worked part of the road only;* that unless the defendant had shewn that he was to the right of that centre, the penalty would attach; and if they believed the plaintiff's witnesses, they were bound to find a verdict in his favor. The court further charged the jury, that it was not necessary for the plaintiff to shew a wilful design or negligence on the part of the defendant, but the bare fact of his being on the left hand side of the worked part of the road was sufficient to entitle the plaintiff to recover; and that neither the situation of the road by reason of its being rough and rutty, nor the efforts of the defendant to get out of the road, would afford any excuse for the defendant, who was bound to keep his own side of the road at all events, unless insuperable obstacles prevented; and that the manner in which the plaintiff drove his team could not avail any thing to defeat his right of action, as a person had an undoubted right to drive as he pleased, either fast or slow, if he confined himself to his own side of the road. The defendant excepted; the jury found a verdict for the plaintiff, on which judgment was entered, and the defendant sued out a writ of error.

*J. Koon,* for plaintiff in error.

*S. Cheever,* for defendant in error, cited Cro. Jac. 446.

*By the Court,* SUTHERLAND, J. The charge of the court below was correct. The 6th section of the act concerning turnpike roads, 2 R. L. 227, and also the 41st section of the act to regulate highways, 2 R. L. 283, provide that in all cases of persons meeting each other on any turnpike road or public

highway in this state, travelling with carriages, sleighs, wag- NEW-YORK,
gons or carts, the persons so meeting shall seasonably turn, May, 1831.
drive and convey their carriages, &c. *to the right of the centre*      Eaing
*of the road,* so as to enable carriages to pass each other with-        v.
out interference or interruption, under a penalty of $5 for ev-    Lansingh.
ery neglect or offence—to be recovered by the party aggrieved,
in an action of debt, in any court having cognizance thereof,
&c. The court charged the jury that the true construction of
the act was, that parties were to keep *to the right of the centre
of the worked part of the road,* and that unless the defendant
was to the right of that centre when the plaintiff's waggon
came in contact with his, the penalty had attached, and that
the situation of the road as being rough and rutty on the de-
fendant's side, or the want of design on his part to run against
the plaintiff, would be no defence, unless the road on his side
was such as to render it impracticable for him to turn out ; and
that the case was not affected by the circumstance that the
plaintiff was driving fast and the defendant slow. This is the
sound construction of the act ; it was designed to settle and
establish the rights of travellers in such a manner that there
could be no mistake about them ; each party is to keep to the
right of the centre of the worked part of the road ; although it
may be more difficult for one party to turn out than the other,
that is no answer to the action. The act establishes, upon
consideration of public policy, a broad general rule, which
must be enforced, although sometimes it may operate incon-
veniently upon parties. It is not the centre of the smooth or
most travelled part of the road which is the dividing line, but
the *centre of the worked part,* although the whole the smooth
or most travelled path may be upon one side of that centre,
unless the situation of the road is such that it is impracticable
or extremely difficult for the party to turn out. No such diffi-
culty existed in this case. The road on the defendant's side
was rough, from having been rutted and frozen, but not so
much so as to present any serious obstacle to his riding or
driving over it. The questions of fact were properly left to
the jury, and their verdict is warranted by the evidence.

Judgment affirmed.