### SIMMONSON v. STELLENMERF.

The law of the road, while it generally permits a traveler to ride or drive on either side, or any part of the road, requires that when meeting other carriages he shall drive on the right side of the center of it, so as to permit other carriages to pass.

Any violation of this rule will subject him to the penalty imposed by the law, but will not so necessarily subject him to the damages arising from a collision, as to deny to him the defense that the accident was caused by the plaintiff's own neglect.

Where the traveler was driving fast, in the night-time, and on the wrong side of the road, it was no excuse for him that he had not time, after discovering the approaching carriage, to turn out.

PLAINTIFF was traveling in a one-horse wagon, about nine o'clock, of a dark evening. He was driving very slow, and was near to the extreme right side of the road. He heard a team approaching toward him, apparently a heavy one, and going fast. The plaintiff halloed, but no attention was paid to the warning, and the defendant, who was driving two horses before a wagon, laden with brick, and driving on a trot, ran against the plaintiff's wagon, broke it badly, upset it, and threw out the plaintiff and his companion. His horse was so badly injured that he died within a few hours.

The defense set up was that the plaintiff, himself, was to blame, because, when he saw a collision was impending, he did not change his course; and though it was in testimony that he could not turn out any farther to the right without danger of upsetting, yet it was also proved that the road was wide enough for four or five vehicles abreast, and that there was plenty of room for him to have turned out to the left, and thus have avoided the collision.

*Dikeman,* for the defendant, requested the court to charge,

that except when parties meet on the road, they have a right to travel on either side or any part of the road; and that if the defendant had not sufficient time or opportunity to turn out, after he discovered the plaintiff's wagon, before the collision, he was not responsible.

*The Circuit Judge* charged the jury that it was true that travelers on a highway had a right to ride or drive over any part, or either side of it, but that right was always to be exercised in subordination to the rule of law that requires travelers, when meeting, seasonably to turn their carriages to the right of the center of the road, so as to permit carriages to pass without interference.

It was very apparent in this case that the defendant had neglected this duty, and though he had thus subjected himself to the specific penalty imposed by the statute, it did not necessarily follow that he was liable for any damages caused by such neglect, for it was competent for him to defend himself by showing that the accident was caused by the negligence or conduct of the plaintiff. If it was not, then the plaintiff had a right to recover.

The question, therefore, for the jury was, through whose fault was the collision produced?

It was in the night-time, when more care and precaution were demanded of both parties than are usually required in day-light. If the plaintiff had stopped he would not have avoided the collision, and he could have avoided it only by crossing over to what would have been the wrong side of the road for him. By doing so, he would have assumed to himself all the consequences of any accident, and that he was not bound to do. It was only in case he had drawn the mischief on himself, by his own neglect, that he could justly be denied the right to recover his damages.

On the other hand, the blame might, with great propriety, be laid on the defendant, if the jury believed it true that he was driving fast, in the dark, and on the wrong side of the road; that he had received, by the plaintiff's halloo, warning

of the impending danger, and paid no attention to it, and was, withal, in such a state of intoxication, voluntarily created on his part, as to be incapable of understanding the precise condition of his vehicle, or of properly guiding and directing it. And it would be no excuse to him, under the circumstances, to believe that he had not time enough to turn out after he had received the warning, for it was neglect in him to be on the wrong side of the road, and driving fast, and in the night-time. Such a line of conduct, superadded to intoxication, was recklessness, and not the due care and precaution which the law required of him; and the mere fact of his being on the wrong side of the road, under such circumstances, ought to be, of itself, sufficient evidence of negligence on his part, if the jury were convinced that the collision would not have happened if he had been in his proper place.