Burdick *v.* Worrall.

SAME TERM.   *Before the same Justices.*

BURDICK *vs.* WORRALL.

The name given to an action, in the commencement of the declaration, is mere surplusage. The substance of the declaration controls the form of action.

Where the consequences of an unlawful act are immediate, he who does the unlawful act is considered as the active doer of all that directly follows. He is the *causa causans*, and a trespasser.

Where a declaration charged that the defendant drove a wagon, on the highway, against a carriage in which the plaintiff was riding, by means of which she was thrown out and injured, and the defendant, in his plea, averred that just before the collision he drove his wagon on the right side of the centre of the road, so as to permit the carriage in which the plaintiff was riding to pass without interference, but that the plaintiff's carriage was not kept, and seasonably turned, to the right of the centre of the road, and thereby they came in contact with each other, by the negligent and unlawful manner in which the plaintiff's carriage was driven; which caused the damage; *Held*, that although there was no positive averment that the plaintiff was carelessly driving on the wrong side of the road, and thereby caused the accident, yet that the plea substantially averred, (although very informally,) that the defendant was on the right side, and the plaintiff on the wrong side, of the highway; and that it was certain to a common intent, which is ordinarily sufficient, in a plea in bar.

Where the replication to such plea stated that the travelled part of the highway was fifty feet wide; that the plaintiff was proceeding easterly at the rate of a mile in twelve minutes, and the defendant westerly at the rate of a mile in four minutes; that the plaintiff's wagon was within one foot of the north (to her, left) side of the travelled part of the highway; that there was a space of the

Burdick v. Worrall.

travelled road fifteen feet wide between the plaintiff's wagon and the centre, over which the defendant might have passed, without interference or interruption; and that the defendant, just before the wagons came in contact, drove his wagon across such last mentioned space, and unnecessarily ran against the plaintiff's carriage, and that the collision happened without any carelessness on the part of the plaintiff, or on the part of her driver; *Held* that the replication was defective in not setting forth some fact to show that the plaintiff, or her driver, was not careless in being on the wrong side of the highway, or averring that the defendant intentionally and unnecessarily inflicted the injury.

DEMURRER, by the defendant, to the declaration, and replication of the plaintiff; and by the plaintiff, to the special plea and rejoinder of the defendant. The commencement of the declaration stated that the action was " of a plea of trespass on the case." The several pleadings in the cause, and the objections taken thereto, by demurrer, are set forth in the opinion of the court.

*C. W. Swift*, for the plaintiff.

*J. Brush*, for the defendant.

*By the Court*, STRONG, P. J. Each party objects to the pleadings of the other, (except the general issue,) throughout. This renders it necessary that we should examine them consecutively; as the party who has committed the first error, in a matter of substance, must fail.

The declaration charges that the defendant, with force and violence, drove a wagon on the highway against a carriage in which the plaintiff was riding, by means of which she was thrown out, her arm broken, and she was otherwise injured. It is objected that the introductory part of the declaration states that the action is on the case, while the body of it is in the form usually adopted in trespass. The name given to the action in the commencement of the declaration is mere surplusage. The substance of the declaration controls the form of action. Another objection urged on the argument is that the injury was consequential, not direct, and that if the declaration is substantially in trespass it cannot be

Burdick *v.* Worrall.

sustained. It is true that the direct violence was upon the carriage in which the plaintiff was riding, and that the injury to her was consequential. But the consequence was immediate, and in such cases he who does the unlawful act is considered as the active doer of all that directly follows. He is the *causa causans*, and a trespasser. (*Scott* v. *Shepard*, 2 *Black. Rep.* 892. *Leame* v. *Bray*, 3 *East*, 593.)

The special plea avers that the defendant, just before the collision, drove his wagon on the right side of the centre of the road, so as to permit the carriage in which the plaintiff was riding to pass without interference, but that the plaintiff's carriage was not kept, and seasonably turned, to the right of the centre of the road, and thereby they came in contact with each other, by the negligent and unlawful manner in which the plaintiff's carriage was driven ; which caused the damage. If the defendant had averred directly that the plaintiff was carelessly driving on the wrong side of the road, and thereby caused the accident, there could have been no doubt as to the sufficiency of the plea. The objection to it is, that the averment is not positive that the plaintiff's carriage was on the wrong side of the highway, but that the fact (if it existed) must be inferred. We think that the plea substantially (although certainly very informally) avers that the defendant was on the right side, and the plaintiff on the wrong side of the highway. That is the natural sense of the language : it is certain to a common intent, and that is ordinarily sufficient in a plea in bar. (1 *Chit. on Pl.* 237, *note k.*) These allegations would make out prima facie a valid defence. (*Earing* v. *Lansingh*, 7 *Wend.* 185.)

The replication states that the travelled part of the highway was fifty feet wide ; that the plaintiff was proceeding easterly at the rate of a mile in twelve minutes, and the defendant westerly at the rate of a mile in four minutes ; that the plaintiff's wagon was within one foot of the *north* (*to her, left,*) side of the travelled part of the highway ; that there was a space of the travelled road fifteen feet wide between the plaintiff's wagon and the centre, over which the defendant might have passed without interference or interruption, and that the defendant,

just before the wagons came in contact, drove his wagon across such last mentioned space, and unnecessarily ran against the plaintiff's carriage, and that the collision happened without any carelessness on her part or on the part of her driver. The question is whether these allegations satisfactorily answer the special plea, and thereby sustain the declaration. It is admitted that the plaintiff was on the wrong side of the road. That, unexplained, would indicate carelessness on her part. (1 *Cow. Tr.* 306.) The general allegation that there was none, is not sufficient to rebut the inference, without the averment of some fact to support it. If there was a valid excuse for her being there, such as that the highway was impassable on the other side, or that she was about alighting at home, or on a visit, at the place where she was, that should appear affirmatively. From any thing that is said it does not appear but that she was wrongfully and negligently on the (to her) left side of the highway. If so, and the defendant had even been negligent, although that is not directly averred, but may possibly be inferred from his travelling at so rapid a rate, the plaintiff could not recover. The rule is well settled that if the plaintiff's negligence in any way concurs in producing the injury, which would not have happened without it, the defendant is entitled to judgment. Certainly if the plaintiff had prudently kept on the right side of the road no injury would have occurred. The plaintiff's negligence, however, would not have justified any intentional and unnecessary damage by the defendant. If he crossed the space between the plaintiff's wagon and the centre, with the intention of producing the collision, he should be made to pay the damage. But then such intention should have been expressly averred : it cannot be inferred simply from the fact of his driving in that direction. He may have supposed, and from what is alleged he had a right to suppose, until he came too near to avoid the collision, that the plaintiff's driver intended to comply with the law. Persons often drive on the public highway at a rapid rate until they are near each other, in such a course that it would be impossible to escape from injury unless each turns as the law directs. In such cases the safety of men's lives often

depends upon the prompt observance of the rule to keep to the right. The replication is, as I conceive, defective in not setting forth some fact to show that the plaintiff, or her driver, was not careless in being on the wrong side of the highway, or averring that the defendant intentionally and unnecessarily inflicted the injury. It is unnecessary to give any opinion as to the sufficiency of the rejoinder to which the demurrer was interposed.

There must be judgment for the defendant, by reason of defects in the replication, with leave to the plaintiff to amend on the payment of the costs of the demurrer.

