Smith *v.* Dygert

This demurrer must therefore be sustained, with leave to the defendants to amend on payment of costs.

Demurrer allowed.

.[Oswego General Term, April 5, 1852. *Wm. F. Allen, Hubbard* and *Pratt,* Justices.]

———————•◦•———————

12b 613
: _ 9ap 70

## Smith *vs.* Dygert.

The rule requiring persons meeting each other on any turnpike road, or public highway, to keep their vehicles *to the right of the center* of the *worked part* of the road, does not apply to the *winter season,* when the depth of snow renders it impossible, or difficult, to ascertain the center of the worked part of the road.

It is a reasonable construction of the statute, to define the center of the road —when obscured by snow—to be the center of the *beaten or traveled track,* without reference to the worked part.

This was an appeal from the Herkimer county court. The cause was originally commenced by Smith, against Dygert, before a justice of the peace, to recover the penalty of $5, given by statute for preventing the passage of the plaintiff's sleigh, upon a highway. The plaintiff declared against the defendant " for refusing to turn to the right, and give to him the use of his half of the public highway, when traveling thereon with his team, in the town of Russia, in said county, on or about the 7th day of January, 1851, to his damage $100." The defendant denied the allegations in the complaint, and alledged that at the time and place the defendant was on the right side of the road ; that the plaintiff was on the wrong side, and refused to give the defendant his half of the road. A witness on the part of the plaintiff testified that on the day in question he heard the parties talking ; went out; the parties were in the road, plaintiff going to the east, defendant to the west, towards Cold Brook; plaintiff requested the defendant to turn out and give him half of the road ; the defendant said he would not, could not turn out with a load of wood; Mrs. Smith went into the house ; plaintiff had

turned out to the right so that his nigh runner was on the ridge in the center of the road, so as to let the defendant go by; plaintiff requested the defendant to go on; the defendant said he would not give him one inch; said he could stay as long as the plaintiff could; defendant went into the house, his team remaining in the center of the road; staid there a few minutes, about twenty minutes in all; went out; got onto his load; the plaintiff turned out; gave all the road; requested defendant to go on; the defendant went on; his whiffle raked plaintiff's cutter; did not know as there was any damage done; that the plaintiff said to his wife, about the time she was going to the house, that she had better go back to Gorton Fenner's and hire her board, for he would stay a week if defendant did not turn out; defendant said that he could stay as long as plaintiff could. On his cross-examination, the witness said he had since measured the highway where they were; the snow track was about four feet to the right of the centre of the worked part of the road; that he ascertained by digging away the snow and measuring from the ditches; they were in the sleigh track; there was nothing in the way to hinder the plaintiff from giving all the road but the snow; the snow was middling deep; there was a team passed by while they were there, partly loaded with bark; that when he spoke of the plaintiff's turning out, or giving half of the road, he had reference to the snow track, not the worked part of the road; that the defendant was on the right side of the center of the worked part of the road; that they were in the snow or sleigh track; and that the center of the sleigh track was four feet to the right of the center of the worked part of the road on Dygert's side.

The justice rendered a judgment for the plaintiff for $5 and costs, and on appeal to the county court the judgment was affirmed; whereupon the defendant appealed to this court.

*L. Ford,* for the plaintiff.

*C. A. Burton,* for the defendant.

Smith v. Dygert.

*By the Court,* HUBBARD, J. The revised statutes (1 *R. S.* 695, § 1,) provide that whenever any persons traveling with any carriages shall meet on any turnpike road or public highway in this state, the persons so meeting shall seasonably turn their carriages to the right of the center of the road, so as to permit such carriages to pass without interference or interruption, under the penalty of five dollars for any neglect or offense, to be recovered by the party injured. The center of the road as defined in *Earing* v. *Lansingh,* (7 *Wend.* 185,) is the center of the *worked part,* irrespective of the smooth or traveled track. So that persons meeting are required to turn their vehicles to the right of that dividing line, although attended with inconvenience, resulting from roughness of the road. This rule of the road must be strictly observed, except obstacles insuperable or extremely difficult to overcome intervene.

But it is contended, and with reason I think, that such construction should not be given to the statute, as applied to the winter season, when the depth of snow renders it difficult if not impossible to ascertain the center of the worked part of the road. To apply this construction to the season of snows would, in my judgment, defeat the very object of the statute. That object was to prescribe a general rule, which should establish the rights of travelers so clearly as to leave no room for doubt or mistake. When there is no snow upon the ground, the worked part of the road can be readily seen, and vehicles can be conducted with precision to either side of its center, with entire certainty. Not so when a mantle of snow covers the ground. It can not be presumed that any traveler has a previous knowledge of the precise center of the worked part of all or any considerable portion of the road he may travel; and hence, to extend the statute, as construed in *Earing* v. *Lansingh,* to all seasons and circumstances, would be to require, in the season of deep snows, an observance of a rule under a penalty, entirely impracticable. It would be wholly impossible for the traveler to ascertain where the center of the worked part of the road is, and hence he could not drive with reference to it.

The statute does not define what shall be regarded as the cen-

ter of the road, and I think the legislature could not have intended the absurdity of requiring persons meeting to guide their vehicles with reference to a line which could not be ascertained. It seems to me that it is a general and reasonable construction of the statute, to define the center of the road when obscured by snow, to be the center of the *beaten* or *traveled track,* without reference to the worked part. Guided by this line, the rights of travelers are certain, well understood, and no difficulty or mistake can arise.

In this case, the defendant compelled the plaintiff to give the whole of the traveled road, and hence incurred the penalty of five dollars. The defendant's sleigh, it seems, was loaded with wood, but this fact is not stated in the proofs, nor is the depth of snow or other obstacle alledged as an excuse for his monopoly of the road.

The judgment of the county court must be affirmed.

