Hatch, J.
This action was brought to recover damages for the lulling of plaintiff’s horse, on Main street in Buffalo. From the facts developed upon the trial it appeared that plaintiff’s horse was being driven by an intending purchaser for the purpose of examination and trial. At the time of the accident he was driving upon the right hand side of Main street going south. In the center of Main street is laid two lines of street railway tracks, leaving a driveway on either side sufficient in width for ordinary vehicles to meet and pass. Defendant was driving northerly on the same side as plaintiff. As the horses met a collision occurred, the thill of defendant's cutter entering the side of plaintiff’s horse, just back of the shoulder, inflicting immediate death.
The evidence given upon the trial was quite conflicting, the testimony of plaintiff tending to establish that defendant was driving at a rapid and reckless rate of speed, and that he made no effort to turn his horse to the right as they met, but continued to drive in a straight line and at a rapid rate until the collision occurred; that at the time plaintiff was as close to the curb line of the street as he could get with his cutter, and was driving at a moderate pace; that just as the collision was about to occur he pulled his horse to the right to avoid it, but was unable to get out of the way. Upon the part of the defendant the 'evidence tended to establish that the driver of plaintiff’s horse *2 was looking at the movements of the animal and not the direction in which he was going; that he was driving at a rapid pace; that the defendant turned to the right as far as the car track; that there was space sufficient between him and the side of the street for the horse and vehicle to pass him without collision, and that he called to the driver to turn out and avoid him ; that the driver paid no attention, but seemed to pull his horse further towards defendant, and the collision occurred. The court, in submitting the cause to the jury, charged that defendant was presumptively negligent in being upon the side of the street where the collision occurred; yet, that it was incumbent upon the part of the plaintiff to establish that such negligence produced the injury complained of, and that he was free from any negligence contributing thereto. The jury found for the defendant a verdict of no cause of action. Plaintiff now claims that the court committed an error in this regard, and that plaintiff should have recovered as defendant’s liability became fixed by reason of his being to the' left of the center of the highway at the time of the accident. I am not inclined to adopt this view; on the contrary, subsequent examination has confirmed the impression existing at the trial. The ruling that defendant was presumptively negligent for the injury in being upon the wrong side of the road, was quite as favorable as plaintiff was- entitled, although there is authority for it. Pike v. Bosworth, 7 N. Y. State Rep., 665.
The statute provides a penalty for a person driving upon the roadway, and about to meet a passing team, who does not. turn to the right of the center of the road. Earing v. Lansingh, 7 Wend., 185.
But such statute does not provide per se that an offender shall be liable for all damage which may happen while there. While-it may be legal negligence for him to be there, his liability must, depend upon the rules of law applicable to cases of negligence. Simmonson v. Stillenmerf 1 Edm., S. C., 194; Brooks v. Hart, 14 N. H., 307; Parker v. Adams, 12 Metc., 416; Palmer v. Barker, 11 Me., 338.
A different. rule would permit an invasion of the rights of others and authorize a recovery for one’s own wrong. The case was therefore correctly submitted to the jury in this respect. Upon the trial the epurt permitted an inquiry as to whether it was customary for vehicles to go up and down on both sides of the street; also the number of vehicles which passed the point of the accident, in a reverse direction, within a given time. This evidence was objected to by plaintiff as immaterial and improper and an exception taken. In its charge to the jury, the court called specific attention to the evidence and directed the jury to lay it aside and not permit it to enter into their deliberations as it was entirely immaterial. There does not seem to have been entire harmony in the expression of courts upon this subject. The case of Erben v. Lorillard, 19 N. Y., 299, is a leading case upon this subject, and is relied upon by plaintiff in support of his motion. In that case plaintiff was permitted to give evidence, under objection and exception, of an agreement by which he was to receive, *3 by way of compensation for his services in effecting the purchase of a piece of land, a lease of the same for twenty-one years, at the annual rate of eight per cent on the purchase price. The court in its charge directed the jury to disregard the evidence. In disposing of this question Judge Grover states the rule to be “ if the evidence may have affected the verdict, the error cannot be disregarded." This rule places the question upon the precise ground adopted and applied to cases where improper evidence is received under objection and exception, and stands without comment by the court, and its effect is to treat as without any force or effect the direction pf the court to the jury, and renders it powerless by that method to correct any error it may have fallen into. That case however clearly showed that the jury could not have followed the direction of the court as it left substantially no evidence upon which the jury could base them assessment of damage. Judge Denio in his opinion seems to have disposed of the question upon the ground that the jury, notwithstanding the direction of the court, must have made the improper evidence the basis of determination. Such conclusion would still leave open room to give force to a direction in a proper case. Such construction was placed upon this decisión in Mandeville v. Guernsey, 51 Barb., 99.
That was an action for assault and battery and false imprisonment. The plaintiff having been abducted from this state was taken to Pennsylvania, placed on trial for a criminal offense, and acquitted; thereupon he brought his action for damages, and upon the trial gave evidence, under objection and exception, showing the expenses incurred in his defense upon the trial in Pennsylvania. Subsequently the court, on its own motion, struck out the evidence, and directed the jury to disregard it In commenting upon the case of Erben v. Lorillard, the court say: “It is true that Judge Grover * * * adverts to the familiar rule that where improper testimony is received under exception, it must be shown that the verdict was not affected by it, or the judgment will be reversed. That rule applies, however, where improper testimony is not only received under exception, but. is finally submitted to the jury, or, which is the same thing, not withdrawn from them. In such case the presumption arises that the jury considered the improper testimony because it was their duty to do so; but when they are expressly instructed to disregard it, and it is struck from the case, the presumption, as has been said, is the other way and the court accordingly held that the presumption was that the jury followed the direction of the court, and based their verdict solely upon the evidence properly before them.
In Garfield v. Kirk, 65 Barb., 464, the action was brought for the recovery of attorney’s fees, and was tried before a referee. On the trial, evidence was given of a special contract, but plaintiff disclaimed any intention of relying thereon, and on motion the evidence was stricken out. On the authority of Erben v. Lorillard, this was relied upon as error. The court in discussing this question intimate that the effect of the decision referred to is as stated by Judge Grover, but say: “ The instruction by the court in its charge to disregard the evidence on the trial is equivalent to *4 striking it out; and if such an instruction does not strike out,, then it follows that illegal evidence cannot be got rid of when once received, and the court on discovering the error must commence the trial anew, or let it go on with the knowledge that the verdict will be set aside either by the court itself, or on appeal. Such a result cannot have been contemplated. * * * The presumption should be that the jury acted only upon the legal evidence submitted to them, and not upon that which they have been told not to regard, or which has been stricken out from the. case."
In Stone v. Frost, 6 Lans., 440, the court held that an error in the admission of evidence was cured by striking out and a direction given to disregard the testimony as immaterial.
In Geneva, I. & S. R. R. Co. v. Sage, 35 Hun, 96, the court held that an instruction in the charge directing the jury to disregard improper testimony theretofore received cured the error. This, holding was upon the authority of Lindsay v. The People, 67 Barb., 549 ; affirmed 63 N. Y., 143; Ostrander v. The People, 16 W. Dig., 63 ; affirmed by court of appeals in 1883, not reported; Greenfield v. The People, 85 N. Y., 90.
The first of these was a capital case. A witness in response to' a general question respecting the conduct of the prisoner at or about the time qf the commission of the crime, stated, under objection and exception, that he smoked a good deal; thereupon the judge stated that he was inclined, if prisoner’s counsel desired, to strike out the testimony. Counsel requested that it. remain with the exception, but the court struck it out and directed the jury to disregard it The court on an appeal said: “ This-I think took the evidence out of the case, and the exception with it.” The court of appeals however seem to support the ruling-upon a different theory, and except it from the operation of the-rule here invoked, as they say : “ It is not analogous to the admission of proof of a fact over an objection and having a lodgment in the minds of the jury, and a subsequent direction to the jury to disregard it.” That the exception was to the question,, which was competent. Id., 154, 155. As far as the expression of the court of appeals is concerned, this case can hardly be relied upon to support the doctrine claimed for it. The rule is again stated by the supreme court in the fourth department, in the Ostrander case, to be, that an instruction to the jury to disregard the evidence was sufficient to cure any error that had been committed in its reception, but there it was also held that the record showed the evidence competent and the rule was applied to the. “ reception of that evidence.” Ostrander v. People, 28 Hun, 45.
In the Greenfield case, 85 N. Y., 90, counsel excepted to the-charge: “ That if the prisoner declined to answer questions after he was arrested, that fact, taken in connection with the evidence of Hira-m Snow, might be considered by the jury as a circumstance against the prisoner.” Subsequently and after the delivery of the charge, but before the jury had entered upon their deliberations, the jury and prisoner were brought in and the court withdrew the whole subject of that portion of his charge and. *5 directed them to exclude from their consideration the evidence relating to the same and give it no weight whatever.
The court, in disposing of this question, did not discuss whether or 'not the charge, as first made, was error, but held that if there was error in the original charge it was obviated by the subsequent instruction. ISTo mention whatever is made of the evidence also withdrawn, or the effect of the instruction thereon ; it therefore, perhaps, authorizes the inference to be drawn that the instruction also cured any error which attended its reception, and such seems to be the construction placed upon it by the supreme court, for we have seen that it has been cited to sustain such rule.
In The People v. Parish, 4 Denio, 156, Justice Bronson squarely lays down the rule that where improper evidence is received under exception a subsequent instruction to the jury to lay it out of the case cures the error. In his discussion he says: “ It is not unusual for a judge to correct .an error into which he may have fallen in the admission of evidence, by striking the testimony out of his minutes and telling the jury to disregard it. When that is done, the exception which was taken when the evidence was received should fall to the ground. We ought not to presume that the jurors disregarded the instruction of the court and allowed the evidence to influence their verdict.”
In Neil v. Thorn, 88 N. Y., 276, Judge Danforth, in writing the opinion of the court, says: “ It is well settled that an erroneous ruling as to evidence may be corrected by the court,” citing as authority People v. Parish, supra, but he adds: “It must indeed appear that the error was corrected under circumstances which worked no injury to the party excepting.” A somewhat contrary doctrine is found in Allen v. James, 7 Daly, 13, where the action was to recover commissions by a real estate broker. The issue was one of employment, but testimony was permitted to be given under objection and exception, showing that the title to the land in defendant was defective. The court, upon authority of Mrben v. Lorillard, held that a direction by the court to disregard the testimony did not cure the error, the court saying: “It is only in cases where the court can plainly see that the testimony improperly admitted could have had no weight with the jury that the objection can be overcome,” and the court reached the conclusion, in that case, that the improper evidence influenced the jury. There was also no competent evidence of plaintiff’s employment; it was, therefore, not necessary for the court to announce any general rule upon the subject as the improper testimony clearly influenced the verdict and for that reason the judgment was reversed.
In Newman v. Goddard, 48 How., 363, the action was for conversion of goods and damages for breaking up and destroying plaintiff’s business. Upon the trial plaintiff was permitted, under, objection and exception, to give evidence of threats by defendant of personal injury and violence to plaintiff after the ejection from his store and after the conversion of the goods; also that the goods, taken afterwards, enhanced in value from 100 to 200 per cent. The court charged the jury, upon request of counsel, not to take *6 this evidence into consideration upon the subject of damages. On appeal the court held and said: “If the evidence may have affected the verdict the error cannot be disregarded even though the court directs the jury to disregard it” This holding was based exclusively upon the language of Judge Grover in Erben v. Lorillard. The question again arose in Traver v. Eighth Avenue R. R. Co., 3 Keyes, 497. The action was for damages for personal injuries; evidence was offered to show the prior earning capacity of the plaintiff, who was an infant; the mother had previously recovered for the loss of service and expense in caring for her; the court instructed the jury not to give damages for such service. Judge Grover, writing the opinion of the court, says: “ This direction would not have cured the error (if one was committed in receiving the evidence) if that was such as was calculated to create a prejudice in the minds of the jury, and influence them in fixing the amount of damages, unless it appeared from the whole case that the jury were not so influenced.” It was there held that the evidence was not of such a character. There are some other cases where the principle has been more or less discussed, but they do not tend to make the subject luminously clear, and it is not profitable to present them farther.
From an examination of all the cases my mind strongly tends to an adoption of the views stated by Judge James C. Smith, in Mandeville v. Guernsey, 51 Barb., 99, as being a clear statement of the principle, and a logical and satisfactory deduction therefrom. But notwithstanding this inclination, the expressions of opinion by the court of last resort do not seem to carry the rule to the extent therein claimed and laid down; on the contrary, I am led to the conclusion that the rule to be extracted from all the varying expressions is, not whether the evidence against which the instruction is aimed may have affected the verdict, but whether, taking into consideration all the circumstances, it appears with reasonable certainty that the party has not been injured by the introduction of the evidence excepted to. Such rule seems to find support, in principle, in People v. Dimick, 107 N. Y., 26; 11 N. Y. State Rep., 739.
This leaves the rule to depend, in its application, upon the circumstances of each case. It has been assumed that the evidence admitted in the present case was erroneously received; of this there may be some question, but in the view now taken it is hot essential to determine it, as the conclusion is reached that the error was cured. The charge of the court upon the principles of law was, as we have seen, unexceptionable and no complaint was made at the trial. The evidence objected to was specifically called to their attention and they were instructed not to permit it to enter into their deliberations. After the jury had retired and deliberated, they asked for farther instructions. “If we find both parties careless, what shall our verdict be ? ”
The court charged, in answer, substantially, that if the driver of plaintiff’s horse was negligent and such negligence contributed to the injury, then plaintiff could not recover, but that if the injury was due to the act of the defendant alone, the plaintiff be *7 came entitled to their verdict. Thereupon they retired and found a verdict for the defendant From this it would seem to appear, with reasonable certainty, that the verdict was based upon a consideration of the acts of the respective parties in the management and control of their respective animals, and that the question as to whether it was customary to drive upon either side of the way was not an element affecting such deliberation.
It therefore follows that the action for a new trial should be denied, with costs.