### MOONEY v. TROW DIRECTORY, PRINTING & BOOKBINDING CO.

(Common Pleas of New York City and County, General Term.   February 6, 1893.)

1. LAW OF THE ROAD—KEEPING TO THE RIGHT.
    A person leading a horse along a street sufficiently excuses his keeping to the left side of the street by showing that the right side was crowded with cars, trucks, and other vehicles.

2. NEGLIGENCE—INJURIES CAUSED BY FAST DRIVING.
    The negligence of defendant is sufficiently shown by evidence that at the time of the collision in which plaintiff's horse was injured defendant's wagon was going at a very rapid rate, so that, on its turning the corner, it could not be stopped for some distance, though every effort was made to do so; and that it was going at a rapid rate could also be properly inferred from the very extensive and severe injury to the horse.

Appeal from sixth district court.

Action by James J. Mooney against the Trow Directory, Printing & Bookbinding Company to recover damages for an injury to a horse, alleged to have been caused by the negligence of defendant's servant.   From a judgment for plaintiff, defendant appeals.   Affirmed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

Frederick R. Kellogg, for appellant.
Benjamin Yates, for respondent.

BOOKSTAVER, J.   This action was brought to recover damages for an injury to one of plaintiff's horses, occasioned by the negligence of defendant's servant.   The learned and careful judge who tried this case in the court below has correctly stated the law both as to the right of way upon a public highway and concerning plaintiff's contributory negligence. But appellant's counsel criticises the opinion delivered by the justice, in that he merely stated: "It appears to me that he has sufficiently explained his presence on the left-hand side of the street, going westward,"—without going into the details for such a conclusion.   We think in this respect he is to be commended, rather than condemned, because reasons for arriving at a conclusion of fact, especially when they are drawn from surrounding circumstances, can serve no good purpose, and are seldom satisfactory to the party against whom the decision is made.   But an examination of this case shows that he was fully justified in arriving at the conclusion he did.   It is in evidence that the accident happened

about a quarter past 6 in the evening of the 29th January, 1892. The horse was being led by one of plaintiff's employes up Twenty-Third street, to his stable. There were two lines of street railroads on that street, each railroad owning and operating two tracks; thus making four tracks in all. At that time of the day the street was very much crowded with trucks, and the plaintiff's employe testified that when leaving the coal yard he led the horse upon the track nearest the south side of Twenty-Third street, going west, because both sides of the street north and south were crowded with trucks; and right behind him on this track was a car going west, and that when he got near—that is, within 30 or 40 feet of—the corner of Avenue A and Twenty-Third street the driver of the car behind him called to him to turn out, and that, in obedience to the driver's request, he turned out, and before doing so he looked to see if anything was coming up, and he saw that it was clear ahead to the left, and that he could not turn out to the right,—that is, towards the north of Twenty-Third street,—because there were cars going easterly, and also the street north of the railroad track was crowded with trucks, and that, therefore, he turned out towards the south. It is extremely doubtful whether the law in regard to keeping to the right on a public highway applies to any one except the drivers of vehicles of some kinds, and even as to them there are many exceptions. Newman v. Ernst, (Super. Buff.) 10 N. Y. Supp. 310; Harpell v. Curtis, 1 E. D. Smith, 78; Pike v. Bosworth, 7 N. Y. St. R. 665; Smith v. Dyger, 12 Barb. 613; Steele v. Burkhardt, 104 Mass. 59; Smith v. Gardner, 11 Gray, 418; Spofford v. Harlow, 3 Allen, 175. Thus it would be sufficient for one to show he was drawing up to his stopping place, to water his horse, or to turn out of the road, and, as we think in this case, because the right side of the road was obstructed by cars and trucks and other vehicles. On an examination of the evidence in this case, we think the justice was fully justified in finding as he did on this branch of the case.

Appellant also contends that there was no sufficient evidence that the defendant was guilty of negligence. But it appears from the case that the defendant's wagon at the time of the collision had three persons in it who were desirous of reaching the foot of Twenty-Third street in time to catch the 6:18 ferry for Brooklyn, and had but a very short time to do it in. It was testified to by a car driver, apparently disinterested and unbiased, that the cart at the time was going at a very rapid rate, and, turning a corner, the wagon was not stopped—although defendant's own witnesses testify that everything was done to do so as soon as possible—in some distance, showing it must have been going at a very rapid rate of speed. And the justice was fully justified also in inferring the rapid rate at which the vehicle was going from the nature of the injury inflicted upon the horse, which was very extensive and severe. It was not claimed on this appeal that the rule of damages adopted by the justice was erroneous. The judgment must therefore be affirmed, with costs.