(41 Misc. Rep. 533.)

### WRIGHT v. FLEISCHMAN et al.

(Supreme Court, Trial Term, Westchester County.   October, 1903.)

1. HIGHWAYS—LAW OF THE ROAD.
   The custom of the road, and the law founded on it, to go to the right of the center of the road in order to safely pass, governs the case of vehicles passing on the same side of roads and streets so wide that there is no necessity for them to turn to the right of the center line in order to pass safely.

2. SAME—PENALTY.
   Highway Law, § 157 (Laws 1890, p. 1205, c. 568), requiring persons meeting in carriages to turn to the right of the center of the road, under a penalty, is only a recognition of the law of the road, which would exist without the passage of such act.

Action by Elmer G. Wright against Henrietta Fleischman and others for personal injuries caused by collision in a highway.   Verdict for plaintiff held excessive.

George C. Appell, for plaintiff.
Harmon S. Graves, for defendants.

GAYNOR, J.   The custom of the road in England is for vehicles to go to the left on meeting and to the right on overtaking and passing.   Elliott on Roads & Streets, c. 31.   In this country the custom of the colonists became the reverse of this, namely, to pass to the right on meeting and to the left on overtaking, following the custom of the continent of Europe; and that has continued with us.   It is said in some reported cases that the latter part of the custom, viz., in the case of overtaking and passing, does not exist in this country; but drivers and educated horses know better, and there are decisions and statutes to the contrary.   Avegno v. Hart, 13 Am. Rep. 133; Young v. Cowden, 98 Tenn. 577, 40 S. W. 1088; Smith v. Conway, 121 Mass. 216.   The courts of this state will not, however, take judicial notice of it, it appears.   There was a time, presumably, when the custom of the road had to be proved in court, but it became so universally known that the courts took judicial notice of it without any proof, and it thus became "the law of the road."   We have in this state a statute that when persons "traveling with any carriages shall meet on any turnpike, road or highway," they "shall seasonably turn their carriages to the right of the center of the road, so as to permit such carriages to pass without interference or interruption," under penalty of five dollars.   2 Rev. Laws 1813, p. 283, c. 33, § 41; Highway Law, § 157 (Laws 1890, p. 1205, c. 568).   But the custom of the road existed and was recognized by the law before this statute was passed, and would still exist and be recognized if it were repealed.   The statute is not the foundation of the law on the subject at all.   It was only passed to create a penal offense.   It seems, however, to be considered as all of the law on the subject in Savage v. Gerstner, 36 App. Div. 220, 55 N. Y. Supp.

¶ 1. See Highways, vol. 25, Cent. Dig. § 461.

306; but the opinion there was not concurred in by the court, and cannot be considered authoritative. The custom is and always was the foundation of the law on the subject. And this statute relates only to the ordinary narrow road; whereas the custom of the road and the law founded on it covers as well the case of vehicles passing on the same side of roads and streets so wide that there is no necessity to go to "the right of the center of the road" in order to safely pass, as was the case here. It seems strange that any confusion should arise on so plain a matter.

The verdict of $5,000 is excessive. The jury were justly incensed against the defendants' driver; and also must have found that the plaintiff is suffering from Bright's disease and neuresthenia caused by the collision, as pretended by the plaintiff's doctor, who (like many other doctors who come into court) supposes that any trouble of the kidneys may be called Bright's disease, and a little nervousness neuresthenia.

The verdict will be set aside as excessive unless the plaintiff is content to reduce it to $2,500.