ZAPFE v. JOHN MULLINS & SONS, Appellant. (Supreme Court, Appellate Division, Second Department. April 20, 1906.) Appeal from Trial Term, Kings County. Action by Albert Zapfe, as executor, etc., substituted in place of Franz Zapfe, deceased, against John Mullins & Sons. From an order denying defendants' motion for a new trial, they appeal. Affirmed. Frederick Hulse, for appellants. Isaac M. Kapper (Thomas E. Pearsall, on the brief), for respondent.

PER CURIAM. Order affirmed, with costs.

GAYNOR, J. (dissenting). I do not see how we can avoid reversing this order. As the deceased was crossing the street afoot he was struck by the end of the pole of the defendant's wagon drawn by a team of horses, and hurt. The team was coming along the left side of the street, and toward the plaintiff's left. He testified that he did not look that way in crossing, for the reason that wagons on that side had to come from the other direction. This erroneous notion runs through the case. The learned trial judge charged as follows: "As between a pedes-

trian in the act of crossing a street and the driver of a team of horses, there is no law that absolutely requires the teamster with his horses to proceed upon the right hand side of the street. Whether he shall do so or not, and whether negligence on his part may be predicated upon the fact that he failed to do so, depends upon the circumstances of each case as it arises, and it depends upon the circumstances of this case as you find them to be. So that one of the facts that seems to me important for you to consider and determine is, was the street torn up at that place, was there an excavation being made; and if so, was that a sufficient explanation for the driver being in the position in which he was when the collision occurred. If there was no excavation being made there, then it is for you to say whether the evidence affords any reason why this driver should have been in the position in which he claims he was, instead of on the other side of the street. If, on the other hand, the street was being excavated, then it is for you to say whether that was a sufficient reason for him to be where he says he was, or where the plaintiff says he was, when this collision occurred." The substance of this is that if there was a good reason for the driver being on the left side it was not negligence for him to be there, but if there was not, then the jury could find that he was negligently there; if he had to come there to avoid an excavation on the other side, he was excusable for being there, but if this was not so, the fact of his being there was not excused. This was prejudicial error. Negligence could not be predicated on the mere fact of driving along the left side of the road, in the absence of any ordinance or statute forbidding it. The custom or common law of the road in respect of passing to the right relates only to vehicles; it has nothing to do with the duty of drivers to pedestrians. Wright v. Fleischman, 41 Misc. Rep. 533, 85 N. Y. Supp. 62. The order should be reversed. . . . .