## PETERS v. CUNEO.

(Supreme Court, Appellate Division, Second Department. January 17, 1908.)

1. MUNICIPAL CORPORATIONS—USE OF STREETS—COLLISION WITH AUTOMOBILE —EVIDENCE.

In an action for injuries sustained in a collision with defendant's automobile in a street, evidence *held* sufficient to warrant a verdict for plaintiff.

2. SAME—INSTRUCTIONS.

In an action for injuries sustained in a collision with defendant's automobile, an instruction that the rule of the road is to pass to the left on overtaking, and to the right on meeting, was proper.

Appeal from Trial Term, Kings County.

Action by Edith M. Peters against Joan N. Cuneo. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

Ferdinand E. M. Bullowa, for appellant.

Thomas F. Magner, for respondent.

GAYNOR, J. The plaintiff was going east along the right hand side of Jamaica avenue behind a big meat truck, decorated with branches and flags, and carrying a picnic party. As she turned out from behind it to the left, to go close along side of it and pass it, she testifies that she saw the defendant coming with her motor car directly toward her fast on the same side of the middle of the street, and about 300 feet away; that the defendant continued on toward her until the motor car came near the heads of the horses of the cart, when the plaintiff in alarm turned to the left to go to the left of the motor car, whereupon the defendant turned her motor car to the right, and thus ran into the plaintiff. She is corroborated in this. The defendant testifies that the motor car was in the middle of the road, and as it got to the line of the horses' heads the plaintiff suddenly appeared for the first time from behind the truck, whereupon the defendant turned to the right to avoid her, and again to the left when she saw that the plaintiff was crossing the street diagonally. She was corroborated in this. On the whole, the verdict may not well be said to be against the weight of evidence.

The learned trial judge correctly charged that the rule or custom of the road is to pass to the left on overtaking and to the right on meeting—that is, assuming the position of the parties to be such as to bring the rule into use. Wright v. Fleischman, 41 Misc. Rep. 533, 85 N. Y. Supp. 62. A passage in the charge that it was the duty of the defendant to turn to the right "upon seeing an approaching vehicle" is

criticised. While the rule does not require one to turn to the right so soon as all that, the mistake does not seem to have done harm, and was not excepted to. Though the case was briefed and argued with unusual clearness and ability by the counsel for the defendant (who, by the way, did not try the case), she has not made any reversible error manifest. Persons in their place of security and power in motor cars should remember that their rapid and close approach may make a person think he or she is about to be run over, when that may not be the case. They should turn out seasonably.

The judgment and order should be affirmed.

Judgment affirmed, with costs. All concur.